UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Henry Hill Oil Services, LLC,<br><br>                              Plaintiff,<br><br>vs.<br><br>Stomley Sales & Consulting, LLC,<br><br>                              Defendant. | Case No. 1:20-cv-0214 DMT-CRH<br><br><br>**DEFENDANT STOMLEY SALES &<br>CONSULTING, LLC'S BRIEF IN<br>SUPPORT OF MOTION TO DISMISS** |

**INTRODUCTION AND SUMMARY OF ARGUMENT**

[¶1]    Pending before the Court is Defendant Stomley Sales & Consulting, LLC ("Stomley Consulting")'s Motion to Dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Under the doctrine of res judicata, and because Plaintiff Henry Hill Oil Services, LLC ("Henry Hill") could have and should have raised claims against Stomley Consulting in a previous lawsuit, this matter should be dismissed and Stomley Consulting's Motion should be **GRANTED**.

[¶2]    Henry Hill is expected to claim that because it attempted to add Stomley Consulting in a prior lawsuit as a "third-party defendant", res judicata should not apply.  However, Henry Hill's anticipated argument is fatally flawed because it failed to attempt to add Stomley Consulting as a required party under Rule 19, F. R. Civ. P.  Henry Hill failed to exercise its Rule 19 option, and accordingly, it must be barred from making new tort claims in this lawsuit that it could have and should have made in the previous lawsuit.

[¶3]    Alternatively, and without waiver, because the relationship between Henry Hill and Stomley Consulting was contractual in nature, any and all non-contract-based claims (Counts II

1

(negligence/gross negligence), III (negligent supervision), and IV (fraud/deceit) must be dismissed in all things because they, too, state claims upon which relief cannot be granted.

## FACTS

[¶4]    The Court cannot review the Complaint and Stomley Consulting's Motion in a vacuum; instead it must compare and analyze the similarity between the claims set forth in this lawsuit and in a prior lawsuit involving Henry Hill regarding the same common nucleus of operative facts.

### A.   Pleadings in Henry Hill/Stomley Consulting Lawsuit

[¶5]    Plaintiff Henry Hill commenced this lawsuit on or about November 18, 2020, with the filing of a Complaint and the United States District Court's issuance of a summons.  Doc. ID No. 1, Doc. ID No. 2.

[¶6]    In its Complaint, Henry Hill seeks compensation from Stomley Consulting arising out of purported wrongful acts and or omissions arising out of work performed by Stomley Consulting as the "company man" for Henry Hill during the repurposing of the "Ellis Federal Well" to a saltwater disposal well ("SWD Well").  Doc ID No. 1, at ¶¶ 6-22.

[¶7]    Among other things, Henry Hill alleges that as the "Company Man" for Henry Hill on the Ellis Federal Well, Stomley was to "exercise reasonable care and supervision of all parties performing services at the Ellis Federal Well" including Legacy Drilling LLC, the drilling rig.  See Doc. ID NO. 1, at ¶¶ 39-40.

[¶8]    In its Complaint, Henry Hill also alleges that Stomley Consulting improperly directed Legacy Drilling to perform only a function test on a "blowout preventer" rather than adhere to a purported "requirement" to perform a "pressure test" on the "blowout preventer."  See Doc. ID No. 1, at ¶ 16.

[¶9]    Notably, Henry Hill alleges theories of recovery against Stomley Consulting arising out of breach of contract, negligence/gross negligence, negligent supervision, and fraud/deceit. Doc. ID NO. 1, at ¶¶ 23-47.  Said another way, Plaintiff Henry Hill alleges Stomley Consulting perpetrated multiple wrongful acts and/or omissions arising out its work at the Ellis Federal Well drilling that purportedly caused money damages to Henry Hill.  Id.

[¶10]   Specifically, Henry Hill alleges that on or about August 23-25, 2019, Stomley Consulting acted improperly in a way that contributed to the "blowout" of the Ellis Federal Well, rendering it worthless.  See Complaint, at ¶¶ 10-13, 22.

[¶11]   Henry Hill also alleges that the North Dakota State Industrial Commission filed a Complaint against Henry Hill regarding the Ellis Federal Well and ultimately, Henry Hill and the State Industrial Commission reached an agreement whereby Henry Hill paid fines in the amount of $1,011,850.00 and costs in the amount of $ 2,136.19 for resolution of the Complaint.  Id., at ¶¶ 19-20.

[¶12]   Henry Hill alleges that in this lawsuit, it is seeking damages from Stomley Consulting for the civil damages/penalties arising from the State Industrial Commission's Complaint, as well as the costs for clean-up and for drilling the Ellis Federal Well.  Id., at ¶ 22.

**B.  Pleadings in Legacy Drilling LLC v. Henry Hill Oil Services, LLC**

[¶13]   Prior to commencing this lawsuit, Henry Hill was also party to another lawsuit regarding the Ellis Federal Well.  In Legacy Drilling LLC v. Henry Hill Oil Services, LLC, United States District Court for the District of North Dakota civil file no. 1:2019-cv-0256 ("First Ellis Federal Well Lawsuit"), the drilling rig company hired by Henry Hill to drill the Ellis Federal Well commenced suit against Henry Hill for nonpayment for drilling services.  See Doc. ID No. 1, First Ellis Federal Well Lawsuit.

[¶14]   Plaintiff Legacy Drilling, LLC ("Legacy Drilling") commenced the First Ellis Federal Well Lawsuit on November 20, 2019 by filing a Complaint with the United States District Court for the District of North Dakota.  <u>See</u> Doc. ID No. 1, First Ellis Federal Well Lawsuit. Legacy Drilling invoked the Court's diversity jurisdiction under 28 U.S.C. § 1332 and Henry Hill admitted to diversity jurisdiction.  <u>See</u> First Ellis Federal Well Lawsuit, Doc. ID No. 1, at ¶ 7; Doc. ID No. 14, at ¶ 8 (admitting diversity jurisdiction).

[¶15]   Legacy asked the Court to award no less than $869,718.75 in damages.  <u>See</u> Doc. ID No. 1, at ¶ 38, First Ellis Federal Well Lawsuit.

[¶16]   Legacy Drilling was an Alaska limited liability company.  <u>See</u> Doc. ID No. 1, at ¶ 2, First Ellis Federal Well Lawsuit.  Henry Hill was and is a limited liability company whose principal place of business is the State of Utah.  <u>See</u> Doc. ID 1, First Ellis Federal Well Lawsuit, at ¶ 4.

[¶17]   On December 20, 2014, for its response to Legacy's Complaint, Henry Hill as a defendant asserted counterclaims against Legacy Drilling LLC, sounding both under tort and contract theories of recovery.  <u>See</u> Answer and Counterclaim, First Ellis Federal Well Lawsuit, Doc. ID No. 14, at ¶¶ 52-67.

[¶18]   Specifically, in the First Ellis Federal Well Lawsuit, Henry Hill alleged that it was Legacy's contractual legal duty to test the "blow-out preventer" on the Ellis Federal Well.  <u>See Id.</u>, at ¶ 40.  Henry Hill also alleged that Legacy Drilling "negligently" failed to test the blow-out preventer, and that the failure to test the blow-out preventer amounted to a breach of contract.  <u>Id.</u>, at ¶ 50, ¶ 55.

[¶19]   In the First Ellis Federal Well Lawsuit, Henry Hill also blamed Legacy Drilling for all legal responsibility for North Dakota State Industrial Commission's Complaint against Henry Hill and associated civil fines and penalties.  Id., at ¶ 66.

[¶20]   Likewise, in the First Ellis Federal Well Lawsuit, Henry Hill alleged that the Ellis Federal Well was a total loss due to Legacy's breached duties to Henry Hill.  Id., at ¶ 64.

[¶21]   In the First Ellis Federal Well lawsuit, Henry Hill sought monetary damages against Legacy arising out of its purported acts and omissions, but alleged that its damages were in excess of $75,000.  Id., at ¶ 58, ¶ 67.  After further motion practice, Legacy responded to the counterclaims of Henry Hill and generally denied all allegations.  See Doc. ID No. 42.

[¶22]   On February 5, 2020, the United States District Court for the District of North Dakota held a conference to address scheduling issues in the First Ellis Federal Well Lawsuit.  See First Ellis Federal Well Lawsuit, Doc. ID No. 22.  The Court issued a Scheduling Order that set forth certain deadlines for the lawsuit, including the deadline of May 15, 2020 as the deadline to "join additional parties."  See First Ellis Federal Well Lawsuit, Doc. ID No. 23.

[¶23]   It must also be noted that on or about April 3, 2020, Henry Hill filed a Motion for Leave to File Third-Party Complaint under Rule 14 of the Federal Rules of Civil Procedure against Stomley Consulting in the First Ellis Federal Well Lawsuit.  See First Ellis Federal Well Lawsuit, Doc. ID No. 33.  Twenty days later, on April 23, 2020, the United States District Court for the District of North Dakota, Hon. Claire R. Holchalter, Mag. J., issued an Order denying Henry Hill's Motion for Leave to File Third-Party Complaint.  See First Ellis Federal Well Lawsuit, at Doc. ID No. 35.

[¶24]   In its Order that denied Henry Hill to file the Third-Party Complaint, the Magistrate Judge stated that because Henry Hill was not pleading "any derivative or dependent claims based

on indemnity, subrogation, or contribution" (i.e., through Rule 14 of the Federal Rules of Civil Procedure), it would not permit a Third-Party Complaint by Henry Hill against Stomley Consulting.  <u>See</u> First Ellis Federal Well Lawsuit, Doc. ID No. 35, at 4.

[¶25]   Prior to May 15, 2020, no party filed any Motions under Rule 19 of the Federal Rules of Civil Procedure to join any other party, including, but not limited to Stomley Consulting. The Court's deadline passed without any further action by either party.  <u>See</u> Docket, First Ellis Federal Well Lawsuit, attached to the Declaration of Mark Western, as Exhibit "A".

[¶26]   Finally, on December 1, 2020, Henry Hill and Legacy resolved their legal claims against arising out of the Ellis Federal Well; the parties filed a Stipulation of Dismissal with the District Court.  <u>See</u> First Ellis Federal Well Lawsuit, Doc. ID No. 46.  The Stipulation for Dismissal provided that the First Ellis Federal Well Lawsuit could be dismissed, with prejudice.  <u>Id.</u>

[¶27]   On December 2, 2020, the United States District Court for the District of North Dakota, the Honorable Daniel M. Traynor, issued an Order adopting the Stipulation of Dismissal. <u>See</u> First Ellis Federal Well Lawsuit, at Doc. ID No. 47.  The Order Adopting the Stipulation of Dismissal held that the First Ellis Federal Well Lawsuit was "**DISMISSED with prejudice**" under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  <u>See</u> First Ellis Federal Well Lawsuit, Doc. ID No. 47, at ¶ 2 (emphasis in original).

[¶28]   This Motion follows.

## <u>LAW AND ARGUMENT</u>

[¶29]   The case at bar requires the Court to examine the inherent tension between third-party practice under Rule 14 of the Federal Rules of Civil Procedure and the joinder of additional "required" parties under Rule 19 of the Federal Rules of Civil Procedure.  Likewise, the Court will need to determine whether the First Federal Well Lawsuit has a preclusive effect upon this action.

[¶30]   Here, Stomley Consulting maintains that because Henry Hill made affirmative tort claims against Legacy Drilling in the First Ellis Federal Well Lawsuit, but it did not include Stomley Consulting, then Henry Hill is precluded under the doctrine of res judicata from making any new tort claims arising out of the same common nucleus of operative facts in this lawsuit and accordingly, this lawsuit must be dismissed.

[¶31]   Undoubtably, Henry Hill will claim that its efforts to include Stomley Consulting in the First Ellis Federal Well Lawsuit as a third-party defendant were sufficient.  A review of the Federal Rules of Civil Procedure and applicable caselaw will reveal that such a claim is meritless.

**A.  Legal Standards**

[¶32]   The pending motion is filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted.  Glick v. W. Power Sports, Inc., 944 F.3d 714, 717 (8th Cir. 2019).  A 12(b)(6) Motion is reviewed under a de novo standard, accepting as true all factual allegations in the light most favorable to the non-moving party.  Id. (citing Smithrud v. City of St. Paul, 746 F.3d 391, 397 (8th Cir. 2014)).  To survive a motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2006)).

[¶33]   In reviewing a motion to dismiss under Rule 12(b)(6), a Court will take the factual allegations in the complaint as true and afford the non-moving party all reasonable inferences from those allegations.  Munro v. Lucy Activewear, Inc., 899 F.3d 585 (8th Cir. 2018) (internal citation and quotations omitted).  However, in this instance, the allegations in the instant Complaint must be considered in light of the public record of the First Ellis Federal Well Lawsuit.  "When

considering a Rule 12(b)(6) motion, the court generally must ignore materials outside the pleadings, but it may consider **some materials that are part of the public record** or do not contradict the complaint, as well as materials that are necessarily embraced by the pleadings." Ashford v. Douglas Cnty., 880 F.3d 990, 992 (8th Cir. 2018) (citing Smithrud, 746 F.3d, at 395) (emphasis added); Stahl v. U.S. Dep't of Agriculture, 327 F.3d 697, 700 (8th Cir. 2003) ("The district court may take judicial notice of public records and may thus consider them on a motion to dismiss"). See also Levy v. Ohl, 477 F.3d 988, 991 (8th Cir. 2007) (noting that the district court could have relied upon state court's record of dismissal with prejudice as a public record on a motion to dismiss and noting that "in this circuit, Rule 12(b)(6) motions are not automatically converted into motions for summary judgment simply because one party submits additional matters in support or opposition to the motion." (internal citations omitted)).

[¶34]   Likewise, a motion to dismiss under Rule 12(b)(6) is the proper vehicle for dismissal of an action based upon res judicata and claim preclusion. A.H. ex rel. Hubbard v. Midwest Bus Sales, 823 F.3d 448, 453 (8th Cir. 2016) (noting that res judicata may be basis for dismissal under Rule 12(b)(6) where such affirmative defense is apparent on the face of the complaint, which includes public records and materials embraced by the complaint); See also, CH Robinson Worldwide, Inc. v. Lobrano, 695 F.3d 758, 763-64 (8th Cir. 2012)(concluding district court properly decided merits of res judicata defense on a motion to dismiss under Rule 12(b)(6)). Based upon the face of the complaint and public records, dismissal of Henry Hill's Complaint against Stomley Consulting is appropriate as further explained below.

**B.   Under The Doctrine of Res Judicata, Henry Hill Is Barred from Making New Tort Claims Arising Out of the Ellis Federal Well Blowout.**

[¶35]   The doctrine of res judicata (Latin for "a matter already adjudicated") is a legal concept that predates the federal courts system of the United States of America.  For example, the

English jurist William Blackstone described the res judicata effect of a <u>qui tam</u> action as such: "[b]ut if any one hath begun a qui tam or popular action, no other person can pursue it; and the verdict passed upon the defendant in the first suit is a bar to all others, and conclusive even to the king himself." <u>See</u> <u>US ex rel. Yankton Sioux Tribe v. Gambler's Supply, Inc.</u>, 925 F.Supp. 658, 667 (D. S.D. 1996) (citing to <u>Miami Copper co. v. State</u>, 159 P. 758, 761 (1915) (quoting <u>Cooley's Blackstone</u>, vol. 2, pp. 972-974)). <u>See</u> <u>also</u> Millar, <u>The Historical Relation of Estoppel by Record to Res Judicata</u>, 35 <u>Ill. L. Rev.</u> 41 (1940).

[¶36]   The preclusive effect of a federal court judgment is determined by federal common law. <u>Taylor v. Sturgell</u>, 553 U.S. 880, 891, 128 S.Ct. 2161, 2171 (2008). Under the federal common law, the doctrine of res judicata precludes civil litigants from taking a "second bite of the apple" by barring claims that have already been made to a Court and taken to judgment on the merits. <u>E.g.</u>, <u>Schwartz v. Bogen</u>, 913 F.3d 777, 782 (8th Cir. 2019). Said another way, a "right, question or fact distinctly put in issue and directly determined by a court of competent jurisdiction . . . cannot be disputed in a subsequent suit between the same parties or their privies." <u>Southern Pacific R. Co. v. United States</u>, 168 U.S. 1, 48-49 (1897).

[¶37]   The doctrine is supposed to promote the objectives of <u>conclusive</u> resolution of disputes and to "preclude parties from contesting matters that they have had a full and fair opportunity to litigate and to protect "their adversaries from the expense and vexation attending multiple lawsuits, conserv[ation] of judicial resources, and foster[ing] reliance on judicial action by minimizing the possibility of inconsistent decisions." <u>Montana v. United States</u>, 440 U.S. 147, 153 (1979). Under res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980) (citing <u>Cromwell v. County of Sac</u>, 94 U.S. 351, 352 (1877)).

See also Federated Department Stores, Inc. v. Moitie, 452 U.S. 394, 398, 101 S.Ct. 2424, 2427 (1981) (abrogated on other grounds by Rivet v. Regions Bank of La., 522 U.S. 470 (1988)).

[¶38]   The preclusive effects of a final judgment in another lawsuit are defined under claim preclusion and issue preclusion, collectively referred to as "res judicata."  Along with issues that were already raised in prior litigation, the doctrine of claim preclusion provides that a party is prevented from raising issues that "could have been raised and decided in prior action—even if they were not actually litigated."  Lucky Brand Dungarees, Inc. v. Marcel Fashions Grp., Inc., 590 US ___, 140 S.Ct. 1589, 1594 (2020); PPW Royalty Trust Dated September 27, 1989 v. Barton, 841 F.3d 746, 754 (8ᵗʰ Cir. 2016).

[¶39]   In the 8ᵗʰ Circuit, the doctrine of res judicata, or "claim preclusion," acts as a bar to claims in a second lawsuit if five elements are satisfied:  1) the first suit resulted in a final judgment on the merits; 2) the first suit was based on proper jurisdiction; 3) both suits involve the same parties (or those in privity with them); 4) both suits are based upon the same claims or causes of action.  Midwest Disability Initiative v. Jans Enters, Inc., 929 F.3d 603, 607 (8ᵗʰ Cir. 2019) (citing Cir. 2019) (citing Yankton Sioux Tribe v. U.S. Dep't of Health & Human Servs., 533 F.3d 634, 639 (8ᵗʰ Cir. 2008).

[¶40]   Under the 8ᵗʰ Circuit test, all four elements are satisfied and consequently, this Court should apply the doctrine of res judicata and dismiss this matter, in all things.

## 1.   The First Suit Resulted in Final Judgment on the Merits

[¶41]   The First Ellis Federal Well Lawsuit District Court dismissed both parties' claims "with prejudice" under Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure.  See First Ellis Federal Well Lawsuit, Doc. ID No. 47, at ¶ 2.  Stomley Consulting submits that the dismissal "with prejudice" operates as a final judgment on the merits.

[¶42]   This general rule "is that a final judgment on the merits bars further claims by parties based on the same cause of action." Realex Chemical Corp. v. S.C. Johnson & Son, Inc., 849 F.2d 299, 303 (8th Cir. 1988).  "When the parties to a previous lawsuit agree to dismiss a claim with prejudice, such dismissal constitutes a 'final judgment on the merits' for purposes of res judicata.  See Larkin, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999) (string of citations omitted). Indeed, this Circuit has even observed that attempting to bring the same claims in a second suit in which a party had been denied leave to amend in his original complaint attempted to "circumvent the principles of res judicata." E.g., King v. Hoover Group, Inc., 958 F.2d 219, 223 (8th Cir. 1992) (describing litigant's action in Carter v. Money Tree, 532 F.2d 113 (8th Cir. 1976)); Derr v. Swarek, 766 F.3d 430, 443 (5th Cir. 2014) (affirming district court's dismissal of second suit when plaintiffs had dismissed previous state court suit under Rule 41(a) voluntary dismissal with prejudice under principles of res judicata); Warfield v. AlliedSignal TBS Holdings, Inc., 267 F.3d 538, 542 (6th Cir. 2001) ("voluntary dismissal with prejudice operates as a final adjudication on the merits and has a res judicata effect").

[¶43]   Indeed, when parties stipulate to a dismissal, it has been said that

> . . . it makes no difference that the validity of the dismissed claims was never tested; there is no requirement for a claim to be factually vetted to be a final judgment on the merits.  The Stipulation is analogous to a forfeit in baseball; no at-bats were taken, no pitches were thrown, but it counts as a loss in the final standings.  The voluntary dismissal with prejudice is a final judgment on the merits.

Jarvis v. Matlin Patterson Global Advisers, LLC, 867 F.Supp.2d 559, 562 (D. Del. 2012) (citing Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 172 (3d Cir. 2004)).  Conversely, while not in the context of a res judicata claim, federal courts have held that Rule 41 dismissals "**without** prejudice" do **not** amount to a decision on the merits.  E.g., O.F. Mossberg & Sons, Inc. v. Timney Triggers, LLC, 955 F.3d 990, 992 (Fed. Cir. 2020).

11

[¶44]   Here, it is undisputed that Legacy Drilling and Henry Hill had stipulated to dismiss all claims they had made in the First Ellis Federal Well Lawsuit.  The District Court adopted the Stipulation in all things and dismissed the First Ellis Federal Well Lawsuit "with prejudice."   See First Ellis Federal Well Lawsuit, Doc. ID No. 47, at ¶ 2.  There can be no serious dispute that the First Ellis Federal Well Lawsuit resulted in a "final judgment on the merits" for the purposes of res judicata as a matter of law.

### 2.   The First Suit Was Based on Proper Jurisdiction.

[¶45]   In order for the doctrine of res judicata to bar a second lawsuit, an essential element is that "the first suit was based on proper jurisdiction."  See Midwest Disability Initiative v. Jans Enterprises, 929 F.3d 603, 607 (8th Cir. 2019).  There is little caselaw in this circuit that has analyzed the issue of "proper jurisdiction."

[¶46]   However, a review of the First Ellis Federal Well Lawsuit does not reveal any jurisdictional defects.  To-wit, Legacy Drilling, an Alaska limited liability company, alleged diversity jurisdiction under 28 U.S.C. § 1332 and Defendant Henry Hill admitted the same.  See First Ellis Federal Well Lawsuit, Doc. ID No. 1, at ¶ 7; Doc. ID No. 14, at ¶ 8 (admitting diversity jurisdiction).  There should be no serious question that the District Court properly had subject matter and personal jurisdiction over the parties.

### 3.  The Parties Are In Privity With Each Other.

[¶47]   Under the doctrine of res judicata, the term "privity" has a more broad application than contractual privity.

> The term "privity" once referred to specific substantive legal relationships, but it has "come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground." Taylor v. Sturgell, 553 U.S. 880, 894 n.8, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008). "[T]he term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term." Richards v. Jefferson County, 517 U.S. 793,

798, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996). As Judge Goodrich wrote in
Bruszewski v. United States, 181 F.2d 419 (3d Cir. 1950), "privity" is "merely a
word used to say that the relationship between the one who is a party on the record
and another is close enough to include that other within the res judicata." Id. at 423
(concurring opinion).

Elbert v. Carter, 903 F.3d 779, 782 (8th Cir. 2018).

[¶48]   The concept of privity in the context of claim preclusion is an "elastic one"

grounded in the principle of fairness, requiring a "close relationship between the alleged privies.

Jarvis v. Matlin Patterson Global Advisers, LLC, 867 F.Supp. 2d 559, 562 (D. Del. 2012) (citing

Bruszewski v. United States, 181 F.2d 419, 422 (3d Cir. 1950)).  "[A] lesser degree of privity is

required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new

defendant in a later action."  Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 966 (3d Cir. 1991).

[¶49]   As recently as 2018, this Circuit cited with approval prior decisions that affirmed

the dismissal of a plaintiff's claims against two new defendants in a second action where "the

relationship of the two new defendants to the parties sued in the previous action is so close that

their addition cannot change the fact that this present action is repetitious and barred by res

judicata."  See Elbert v. Carter, 903 F.3d 779, 783 (8th Cir. 2018) (citing Fowler v. Wolff, 479 F.2d

338, 340 (8th Cir. 1973) (internal quotations and brackets omitted)).

[¶50]   The Elbert Court permitted even non-mutual claim preclusion under the doctrine of

res judicata for parties that should have been included in the original litigation.  The Court noted:

> One leading commentator, after surveying the law in this area, concluded
> that the one "cogent argument in favor of nonmutual claim preclusion is that
> the party to be precluded should have joined his new adversary in the
> original litigation." 18A Charles Alan Wright, Arthur R. Miller & Edward
> H. Cooper, Federal Practice and Procedure § 4464.1, at 702 (3d ed. 2017).
>
> Since Fowler, other circuits have followed this approach and concurred with
> Professor Cooper's observation that "[t]he best probable outcome" is a
> "limited rule" that permits nonmutual claim preclusion "if the new party can
> show good reasons why he should have been joined in the first action and
> the old party cannot show any good reasons to justify a second chance." Id.

13

§ 4464.1, at 709 ; <u>see</u> <u>Mars Inc. v. Nippon Conlux Kabushiki-Kaisha</u>, 58 F.3d 616, 620 (Fed. Cir. 1995) ; <u>In re El San Juan Hotel Corp.</u>, 841 F.2d 6, 10-11 (1st Cir. 1988). The First Circuit, summarizing the authorities, explained that "claim preclusion applies if the new defendant is 'closely related to a defendant from the original action—who was not named in the previous lawsuit,' not merely when the two defendants are in privity." <u>Airframe Sys., Inc. v. Raytheon Co.</u>, 601 F.3d 9, 17 (1st Cir. 2010) (quoting <u>Negron-Fuentes v. UPS Supply Chain Sols.</u>, 532 F.3d 1, 10 (1st Cir. 2008)). These decisions reject the "contention that nonparty defendants to an initial action can invoke claim preclusion as a defense in a later suit only if they can show that the nonparty defendant was in privity with the initial defendant." <u>Id</u>.

<u>Elbert</u>, 903 F.3d, at 783 (8th Cir. 2018)

[¶51]   Here, the affirmative tort claimant in both suits is the same party: Henry Hill.  Henry Hill made affirmative tort claims against Legacy Drilling in the First Ellis Federal Well Lawsuit, just like it is doing in the case at bar.  Both suits arise out of the same common nucleus of fact.

[¶52]   That Stomley Consulting did not become a defendant in the First Ellis Federal Well Lawsuit is does not preclude it from asserting res judicata.  Here, the demonstrated record is that, at least for a period of time, Henry Hill also wanted Stomley Consulting to be a party to the First Ellis Federal Well Lawsuit, as shown by its attempt to add Stomley Consulting as a third-party defendant.  That Henry Hill attempted to add Stomley under a incorrect rule or a mistake of law doesn't give Henry Hill a free pass.  Instead, as is demonstrated below, if Henry Hill used Rule 19, the result would likely be different, and Stomley Consulting would have been included in the First Ellis Federal Well lawsuit.

[¶53]   Henry Hill should not be permitted to receive a second bite of the apple because it failed to employ the correct procedure to include Stomley Consulting in the First Ellis Federal Well lawsuit.  Instead, this matter should be dismissed in all things.  For the purposes of res judicata, Stomley Consulting has sufficient privity with the prior parties, that this element should be satisfied.

14

**4. The Tort Claims in the First Ellis Federal Well Lawsuit Are Substantially The Same Claims Made by Henry Hill In the Instant Case.**

[¶54]    In determining whether the doctrine of res judicata is applicable to a particular case, the reviewing court must whether the prior lawsuit involves claims arising out of the same nucleus of operative facts.  Daley v. Marriot Int'l, Inc., 889, 896 (8th Cir. 2006); Kolb v. Roberts, 29 F.3d 627 (8th Cir. 1994); Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990).  There can be no serious dispute that the claims made by Henry Hill in the First Ellis Federal Well lawsuit are nearly verbatim duplicative of the claims made in the case at bar.

[¶55]    Here, there is no dispute that there was a previous civil lawsuit in which Henry Hill made tort claims arising out of the purported "blowout" of the Ellis Federal Well that occurred allegedly on or about August 25, 2019.  In the First Ellis Federal Well Lawsuit, Henry Hill made tort claims arising out of negligence against Legacy Drilling.

[¶56]    Specifically, Henry Hill alleged that Legacy's acts and/or omissions on or around August 25, 2019 caused or contributed to the "blowout" of the Ellis Federal Well rendering it useless.  Likewise, Henry Hill alleged that it incurred civil fines from the North Dakota State Industrial Commission arising out of the blowout and it sought to make Legacy Drilling legally liable for the State Industrial Commission fines, etc.  See First Ellis Federal Well Lawsuit, Doc. ID No. 14, at ¶¶ 52-67.  Henry Hill made exactly the same claims of negligence against Stomley Consulting for the purported "blowout" and has sought to make Stomley Consulting legally liable for the State Industrial Commission fines assessed to Henry Hill.

[¶57]    There can be no dispute that the First Ellis Federal Well Lawsuit has been dismissed, with prejudice.  See First Ellis Federal Well Lawsuit, Doc. ID No. 47, at ¶ 2.   Any claims that Henry Hill made against Legacy in the First Ellis Federal Well lawsuit can no longer be made, because of the dismissal with prejudice.  Henry Hill has already had its bite at the "tort"

apple arising out of the blowout of the Ellis Federal Well.  It cannot make new claims here, because of the doctrine of res judicata.  Its claims must be dismissed in all things.

### C. Stomley Consulting Was a Required Party That Should Have Been Joined in the First Ellis Federal Well Lawsuit.

[¶58]   Stomley Consulting expects that Henry Hill will claim that because it tried to bring Stomley Consulting into the First Ellis Federal Well lawsuit as a third-party defendant under Rule 14 of the Federal Rules of Civil Procedure, and that motion was denied, it should be permitted to pursue tort claims against Stomley Consulting in this lawsuit.  Such a claim is misguided and mistaken.

[¶59]   Instead, Henry Hill (or Legacy Drilling, for that matter) should have made a motion under Rule 19 to include Stomley Consulting as a defendant.  It did not do so within the time permitted in the First Ellis Federal Well Lawsuit, and accordingly, it should be barred from doing so in this lawsuit.  Because Stomley Consulting should be considered a "required party" under Rule 19 of the Federal Rules of Civil Procedure as to the First Ellis Well Federal Lawsuit, it cannot be sued here because of the doctrine of res judicata (supra).  In order to better appreciate why Stomley Consulting should have been added in the First Ellis Federal Well Lawsuit, a review of Rule 19 of the Federal Rules of Civil Procedure and its applicability towards Stomley Consulting in the First Ellis Federal Well Lawsuit is appropriate.

#### 1. Legal Standards For Joinder of Required Parties Under F.R.Civ.P. Rule 19.

[¶60]   Rule 19 of the Federal Rules of Civil Procedure provides a procedure for joinder of "required part[ies]."  It states:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
>
> > (A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

(i) as a practical matter impair or impede the person's ability to protect the interest; or

(ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Rule 19(a)(1) F. R. Civ. P.

[¶61]   A joinder of a "required party" under Rule 19 of the Federal Rules of Civil Procedure requires different analysis than the addition of a "third party" under Rule 14.  Under Rule 14(a)(1), a party Defendant may only commence a third-party claim against a non-party "who is or may be liable to it for all or part of the claim against it."  See Rule 14(a)(1), F. R. Civ. P.   As compared with Rule 19(a)(1), supra, the Court must permit joinder after considering three separate issues:  first, whether joinder of the proposed party deprives subject-matter jurisdiction (usually destroying diversity jurisdiction); second, whether the court can "accord complete relief among existing parties" in the absence of the proposed party; **or** third, if the proposed party's absence either impedes the proposed party's ability to protect their legal interests or leaves the proposed party with a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  See Rule 19(a)(1), F. R. Civ. P.  If Rule 19(a)(1)(A) is satisfied, the Court does not need to analyze the issues raised by Rule 19(a)(1)(B).  Id.

[¶62]   The general rule is that all parties, materially interested, either legally or beneficially, in the subject-matter of a lawsuit must be made parties either as plaintiffs or defendants, so that a complete decree may be binding upon the parties.  E.g., Skelly Oil Co. v. Wickham, 202 F.2d 442 (10th Cir. 1953).

[¶63]   The United States Supreme Court has articulated an exception to this rule, providing that not all joint tortfeasors are necessary for the just adjudication of a lawsuit, because

a plaintiff can recover the entire judgment from any single tortfeasor.  Temple v. Synthes Corp., Ltd., 498 U.S. 5, 7-8, 111 S.Ct. 315 (1990).  The Temple exception would not apply in this matter because there is no joint and several liability for tortfeasors in North Dakota in negligence matters because of North Dakota's adoption of modified comparative fault. Saltsman v. Sharp, 2011 ND 172 ¶ 9, 803 N.W.2d 553; N.D. Cent. Code § 32-03.2-02. "By enacting N.D.C.C. § 32-03.2-02, the legislature clearly intended to replace joint and several liability with several allocation of damages among those who commit torts in proportion to the fault of those who contributed to an injury."  M.M. v. Fargo Public School Dist. No. 1, 2012 ND 79 ¶ 7, 815 N.W.2d 273 (quotation omitted).

[¶64]   There is no question that a defendant in a lawsuit may propose the addition of another defendant; Rule 19 is silent as to that issue, as are the comments to the Rule.  However, general practice provides that there is no prohibition to a party defendant in a negligence suit from seeking to join another party as a co-defendant.  E.g. Wandschneider v. Tuesday Morning, Inc., Civil No. 08-CV-522-TCK-FHM (N.D. Okla. 2011).  The United States District Court for the District of North Dakota (Welte, J.) has recently permitted a party defendant to add another party defendant under the exact same procedure afforded by Rule 19.  See Weather Modification LLC, et al v. Neil S. Brackin, et al., Civil No. 3:20-cv-73-PDW-ARS (D. N.D. 2020), Doc. ID Nos. 21, 78, & 105 (affirming Magistrate Judge's grant of Rule 19 Motion).

[¶65]   In Wandschneider v. Tuesday Morning, Inc., Civil No. 08-CV-522-TCK-FHM (N.D. Okla. 2011), the District Court encountered a lawsuit in which personal injury Plaintiffs commenced suit against defendants Tuesday Morning, Inc. and Home Essentials and Beyond ("HEB") on the theories of negligence and products liability arising out of one of the plaintiffs allegedly sitting on a defective stool.  See Wandschneider, Civil No. 08-CV-522-TCK-FHM (N.D.

Okla. 2011), Doc. ID No. 134, at 2-3.  Defendant HEB filed a Motion under Rule 19 of the Federal Rules of Civil Procedure to include the manufacturer of the stool, Fujian Minhou Minxing Weaving Co., Ltd. ("Fujian") as a **defendant** to the lawsuit.  See Wandschneider v. Tuesday Morning, Inc., Civil No. 08-CV-522-TCK-FHM (N.D. Okla. 2011), at Doc. ID No. 61.  The District Court, reasoning that "indemnity may not be available for product liability sounding in negligence" ultimately granted Defendant HEB's Motion to add Fujian as a party defendant.   Doc. ID No. 87.

[¶66]   The procedural posture of the Weather Modification LLC, et al v. Neil S. Brackin, et al matter ("Weather Modification") is exactly same as what the Oklahoma Court confronted in Wandschneider.  In Weather Modification**,** the Defendants sought to add another defendant (Sunag LLC) to provide complete relief among the existing parties.  See Weather Modification, (D. N.D.) 3:20-cv-73-PDW-ARS, at Doc. ID no. 21.  Unlike in Wandschneider, the Weather Modification plaintiffs opposed the motion and the Magistrate Judge held a hearing.  Weather Modification, (D. N.D.) 3:20-cv-73-PDW-ARS, at Doc. ID Nos. 34 & 49.  The Magistrate Judge determined that Sunag was a required party and ordered it to be added as a party defendant under Rule 19 of the Federal Rules of Civil Procedure; after an objection, the District Court affirmed.   Weather Modification, (D. N.D.) 3:20-cv-73-PDW-ARS, at Doc. ID Nos. 78 & 105.  Based upon the Courts' decisions in Wandschneider and Weather Modification, there can be no dispute that Henry Hill could have filed a Motion to add or join Stomley Consulting as a defendant under Rule 19 of the Federal Rules of Civil Procedure.

[¶67]   Accordingly, the real operative question here is whether Stomley Consulting was a "required party" that should have been included the First Ellis Federal Well Lawsuit originally commenced by Legacy Drilling.  As discussed, supra, the First Ellis Federal Well Lawsuit District

Court would have needed to perform the Rule 19 analysis as to Stomley Consulting, but did not do so because Henry Hill did not file a motion to join Stomley Consulting as a required party.

### 2. Including Stomley Consulting in the First Ellis Federal Well Lawsuit Would Not Have Deprived the Court of Subject Matter Jurisdiction.

[¶68]   The first issue is whether the inclusion of Stomley Consulting in First Ellis Federal Well Lawsuit would have "deprive[d] the court of subject-matter jurisdiction.  See Rule 19(a)(1), F. R. Civ. P.  In this case, the answer is a simple and resounding "no."

[¶69]   The First Ellis Federal Well District Court had subject-matter jurisdiction over the lawsuit arising out of its diversity jurisdiction pursuant to 28 U.S.C. § 1332.  See First Ellis Federal Well Lawsuit, Doc. ID No. 1, at ¶ 7; Doc. ID No. 14, at ¶ 8 (admitting diversity jurisdiction). Because Legacy was and is an Alaska company, because Henry Hill was and is a Utah company, and because Stomley Consulting was and is a North Dakota company, there is no issue about destroying diversity jurisdiction.   See Doc. ID No. 1, First Ellis Federal Well Lawsuit. Accordingly, the first prong of Rule 19 analysis is satisfied insofar that inclusion of Stomley Consulting would not have deprived the Court of subject matter jurisdiction.

### 3. Without Stomley Consulting, the First Ellis Federal Well Lawsuit Court Could Not Have Accorded Complete Relief Among Existing Parties.

[¶70]   Under Rule 19(a)(1) of the Federal Rules of Civil Procedure, in terms of determining whether Stomley Consulting was a required party as to the First Ellis Federal Well Lawsuit, the Court would next have needed to determine whether it could have accorded "complete relief among existing parties" absent Stomley Consulting.  Rule 19(a)(1)(A), F. R. Civ. P.  Under Rule 19, courts will generally focus on the relief available between the parties rather than "the speculative possibility of further litigation between a party and an absent person."  E.g., Gwartz v. Jefferson Mem'l Hosp. Ass'n, 23 F.3d 1426, 1428 (8th Cir. 1994) (internal quotation marks and

citation omitted).  The touchstone of the Rule 19 analysis is whether "meaningful relief" is available to a claimant without the additional party.  Wilwal v. Nielsen, 346 F.Supp.3d 1290, 1309 (D. Minn. 2018) (citing and quoting Henne v. Wright, 904 F.2d 1208, 1212 n.4 (8th Cir. 1990)).

[¶71]   Here, the question is whether the First Ellis Federal Well Lawsuit District Court could have accorded "complete" relief as to the tort claim of negligence asserted by Henry Hill against Legacy Drilling.  Played to its logical conclusion, it cannot be seriously disputed that a special verdict form for a negligence claim under North Dakota law must apply modified comparative fault as set forth in N.D. Cent. Code §32-03.2-02.  As to the tort claims made by Henry Hill against Legacy Drilling, there are no claims of joint and/or several liability; such liability was abolished by the adoption of modified comparative fault.

[¶72]   It cannot be seriously disputed that in the instant lawsuit, Henry Hill is making the same or similar tort/negligence claims against Stomley Consulting that it made against Henry Hill in the First Ellis Federal Well Lawsuit.  Without including Stomley Consulting as a defendant in the First Ellis Federal Well Lawsuit, Henry Hill would not have been able to get complete relief as to its tort claims arising out of the alleged acts and omissions of the "blowout" that occurred on or about August 25, 2019 at the Ellis Federal Well.  Accordingly, requirements of Rule 19(a)(1)(A) would have been met.

**4. Alternatively, The Absence of Stomley Consulting Would, As a Practical Matter, Have Impaired or Impeded Its Ability to Protect its Interests as to the First Ellis Federal Well Lawsuit.**

[¶73]   If the District Court concludes that it cannot "accord complete relief among existing parties" under Rule 19(a)(1)(A) without adding the proposed party, no further legal analysis is needed under the Rule.  Stomley Consulting believes that this standard would have been satisfied, had it been brought before the First Ellis Federal Well Lawsuit District Court.  However, assuming,

21

<u>arguendo</u>, that the First Ellis Well District Court would have determined that it could have "accord[ed] complete relief among existing parties" without Stomley Consulting, the final prong of analysis under Rule 19(a)(1) is whether

> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

F. R. Civ. P. 19(a)(1)(B).

### D.   <u>All Non-Contract Claims Against Stomley Consulting Must Be Dismissed.</u>

[¶74]   Alternatively, and without waiver of arguments made in the previous sections of this brief, Stomley Consulting submits the following arguments and legal authority in support of its Motion that all non-contract claims be dismissed.

[¶75]   Paragraph 8 of Henry Hill's Complaint alleges the presence of a contractual relationship between the parties; with Henry Hill as the well owner and Stomley Consulting as the "company man" as Henry Hill.   <u>See</u> Doc. ID NO. 1, at ¶ 8, ¶ 24.

[¶76]   It is a long-recognized principle that "federal courts sitting in diversity apply state substantive law and federal procedural law." <u>Gasperini v. Ctr. For Humanities</u>, 518 U.S. 415, 427. Accordingly, as this Court is sitting in diversity jurisdiction, the Court must look to the substantive law of North Dakota to analyze the non-contract claims made by Henry Hill.  While Stomley Consulting believes that the doctrine of res judicata requires that all of Henry Hill's claims be dismissed, Stomley Consulting respectfully alleges the following additional independent bases for dismissal of all non-contract claims made by Henry Hill.

1.   **Count II- Negligence/Gross Negligence**

[¶77]   In its Complaint, Henry Hill alleges "Stomley consulting owed a duty to communicate all issues and any blowouts that occurred at the Ellis Federal Well site to Henry Hill and to the [State Industrial] Commission" and "to ensure the blowout preventor on the Ellis Federal Well was pressure tested." <u>See</u> Doc. ID No. 1, at ¶¶ 29-30.  The duties claimed by Henry Hill in its negligence claim are virtually the same duties that Henry Hill claims Stomley Consulting owes arising out of its contract. <u>See</u> Doc. ID No. 1, at ¶ 24.  Accordingly, the negligence count must be dismissed.

[¶78]   When two parties are contractually bound, a negligence claim ordinarily cannot lie because the parties have set forth their duties to each other by way of contract. <u>See</u> <u>Pioneer Fuels, Inc. v. Montana-Dakota Utilities</u>, 474 N.W.2d 706, 710 (N.D. 1991) <u>See</u> <u>also</u> <u>Border Res. LLC v. Irish Oil & Gas, Inc.</u>, 2015 ND 238 ¶ 48, 869 N.W.2d 758 (Crothers, concurring specially).  "A mere breach of contract does not, by itself furnish a basis for tort liability grounded in negligence."; <u>Superior Inc. v. Behlen Mfg. Co.</u>, 2007 ND 141 ¶ 30, 738 N.W.2d 19 (citing <u>Dakota Grain Co. v. Ehrmantrout</u>, 502 N.W.2d 234, 236-7 (N.D. 1996), <u>Olander Contracting Co. v. Gail Wachter Investments</u>, 2002 ND 65, ¶ 26, 643 N.W.2d 29)).

[¶79]   From the four corners of Henry Hill's Complaint, there does not appear to be any independent duties alleged under tort that are not also alleged to exist under contract. <u>See</u> Doc. ID No. 1, at ¶¶ 24, 29-30.  It cannot be disputed that all of the duties alleged by Henry Hill to have been breached by Stomley Consulting arise out of contract.  Accordingly, any claim made sounding in negligence should be dismissed.

2.   **Count III- Negligent Supervision**

[¶80]   Henry Hill also filed a claim under the theory of "negligent supervision."  See Doc. ID No. 1, at ¶¶ 38-41.  In it, Henry Hill claims that Stomley Consulting failed to supervise drilling rig Legacy Drilling, causing all of Henry Hill's claimed damages.  Id.  Assuming, arguendo that all claims are not dismissed under the doctrine of res judicata, the negligent supervision count should still be dismissed for the reasons set forth below.

[¶81]   "In addition to vicarious liability for an employee's conduct, an employer may be directly liable for the employer's own acts in negligently supervising an employee."  Koehler v. County of Grand Forks, 2003 ND 44 ¶ 28, 658 N.W.2d 741 (citing Nelson v. Gillette, 1997 ND 205, ¶ 39, 571 N.W.2d 332).

> A claim for negligent supervision may arise when an employer fails to exercise ordinary care in supervising the employment relationship to prevent the foreseeable misconduct of an employee from causing harm to other employees or third persons.  Because the claim is based on negligence principles, the plaintiff has the burden of demonstrating a duty, breach of that duty, causation, and damages.

Koehler, at ¶ 28 (internal citations omitted).

[¶82]   Here, in the preceding paragraphs, Stomley Consulting has already explained that there can be no basis for tort or negligence claims when the parties have already set forth their duties to each other under contract.  See Section 2, supra, with citations.

[¶83]   Assuming that a negligent supervision claim survives the contract/tort scrutiny discussed above, in addition, based on the inter-relationships between the parties and non-parties, the tort of negligent supervision cannot be a claim upon which relief can be granted.  Here, it is undisputed that Henry Hill is the owner of the Ellis Federal Well at issue, and that it hired Stomley as owner's representative.  Likewise, based on the pleadings from the First Ellis Federal Well Lawsuit, it is beyond dispute that Henry Hill hired Legacy Drilling as an independent contractor

drilling rig.  See First Ellis Federal Well Lawsuit, at Doc. ID No. 14, at ¶¶ 39-40; Doc. ID No. 1-2 (contract between Henry Hill & Legacy).

[¶84]   Here, from the four corners of the Complaint filed by Henry Hill, there is no allegation that Stomley Consulting is somehow the "employer" of Legacy Drilling, nor is there any independent duty to "supervise" the work of an independent contractor.  Accordingly, Henry Hill's "negligent supervision" claims must fail as it states claims upon which relief cannot be granted pursuant to F. R. Civ. P. 12(b)(6).

### 3.   Count IV—Fraud/Deceit

[¶85]   Finally, Henry Hill seeks relief under a fraud/deceit theory.  Specifically, "Stomley consulting represented to Henry Hill that it had immediately reported the blowout of the Ellis Federal Well to the NDIC, and that only five barrels of production water were released during the blowout."  See Doc. ID No. 1, at ¶ 43.  Henry Hill also alleges that "[t]he misrepresentations were made to cover up the fact that Stomley Consulting did not immediately contact the commission as it was required to do so when a blowout occurred on the Ellis Federal Well, and to cover up the fact that the blowout was much more serious in quantity of barrels of production water released and required to be cleaned up."  See Doc. ID No. 1, at ¶ 46.

[¶86]   Count IV is titled "Fraud/Deceit" using a blended terminology. Under North Dakota law, there is an important distinction between fraud and deceit. However, under either name, Count IV must be dismissed, but for different reasons.  Notably, Henry Hill's Complaint does not offer any guidance as to the specific legal basis of the claim.

### a.   The Deceit Claim Must Be Dismissed.

[¶87]   A deceit claim is a tort claim; it arises under N.D. Cent. Code § 9-10-02.  As a threshold matter; deceit under N.D. Cent. Code § 9-10-02 only applies in the absence of a contract

with the other party.  See N.D. Cent. Code § 9-10-01 ("Every person is bound without contract to abstain from injury the person or property of another or infringing upon any of that person's rights"); Delzer v. United Bank, 527 N.W.2d 650, 653 (N.D. 1995) (applying N.D. Cent. Code Ch. 9-10, "if there is no contract between the parties"); Kaufman v. Chesapeake Energy Corp., 12-cv-087, 2012 U.S. Dist. LEXIS 136765, at *16 (D. N.D. Sept. 25, 2012) ("[D]eceit under N.D.C.C. 9-10-02 applies when there is no contract between the parties."). Accordingly, because Henry Hill has already plead that Stomley Consulting entered into a contract with Henry Hill to be the "company man," and has plead a breach of contract theory of recovery.  See Doc. ID No. 1, at ¶¶ 23-27.  As a result, any claim made against Stomley Consulting sounding in "deceit" must be dismissed.

      b.  The Fraud Claim Must Be Dismissed.

[¶88]   Assuming Count IV of Henry Hill's Complaint is construed as one that makes a claim for "fraud," the same fails to state a claim upon which relief can be granted as it does not seek rescission of a contract and restoration of the status quo. Under the law of North Dakota, claim for fraud has differing remedies than the tort claim of "deceit." Instead, a fraud claim is present where a contract exists between the parties. Section 9-03-02, N.D.C.C., provides that a contract is not absolutely void in the absence of free consent, but may be rescinded in such instance. Section 9-03-03, N.D.C.C., provides examples of that which may render apparent consent to a contract "not real or free" and one such example is when the consent is obtained through fraud. N.D.C.C. § 9-03-03(3). Pursuant to N.D.C.C. sections 9-03-01, 9-03-02, and 9-03-03, fraud relates to "whether consent to a contract was freely given." Erickson v. Brown, 2008 ND 57, ¶65, 747 N.W.2d 34 (Crothers, J. Concurring in Part and Dissenting in Part). Accordingly, the remedy for

fraud is rescission, rather than damages beyond what would restore to the rescinding party whatever the opposing party has received pursuant to the contract to be rescinded. Id. at ¶¶ 65-68.

[¶89]   This makes sense; if a party to a contract wishes to seek damages for a failure to perform, that party must seek a remedy under the contract. As such, any claim for the purported wrongful acts and/or omissions alleged by Henry Hill in its "Fraud/Deceit" counts would properly sound in breach of contract, rather than in fraud.

[¶90]   Here, Henry Hill has already plead that Stomley Consulting entered into a contract with Henry Hill to be the "company man," and has plead a breach of contract theory of recovery. See Doc. ID No. 1, at ¶¶ 23-27.  Likewise, even assuming the truth of the averments regarding "fraud,", which are denied, Count IV fails to plead a cognizable claim for fraud as the allegations do not speak to the lack of free consent given to the contract as a reason for which the contract may be rescinded and anything of value received under it be returned. Erickson, 2008 ND 57 at ¶¶ 64-65; N.D. Cent. Code Ch. 9-01; §§ 9-01-2; 9-03-01; 9-03-02; 9-02-03. As a result, any claim made against Stomley Consulting sounding in "fraud" must be also dismissed as the text of the Complaint fails to state a claim upon which relief may be granted.

## CONCLUSION

[¶91]   The issues before the Court are complex yet they boil down to one threshold question- should Stomley Consulting have been included in the First Ellis Federal Well Lawsuit? If the Court answers the question "yes", which it should, then this lawsuit should be dismissed under the principles of res judicata.  This matter should be dismissed under the doctrine of res judicata, because "[a]ny other rule would enable [a] plaintiff to avoid the doctrine of res judicata by the simple expedient of not naming all possible defendants in her first action."  Ruple v. City of Vermillion, S.D., 714 F.2d 860, 862 (8th Cir. 1983).

[¶92]   Simply put, Henry Hill had an opportunity to include Stomley Consulting in the First Ellis Federal Well lawsuit as a defendant.  It did not do so, and accordingly, it should be barred from making new tort claims arising out of the same nucleus of operative facts in which it made tort claims in the previous lawsuit.  Because Henry Hill already had one bite of the apple, this lawsuit should be **DISMISSED** and Stomley Consulting respectfully requests that its Motion to Dismiss should be **GRANTED** in all things.  Alternatively, and without waiver, Stomley Consulting respectfully prays that all non-contract based claims made by Henry Hill must be dismissed.

Dated this 15th day of January, 2021.

*/s/ Mark Western*
Mark Western (ND ID# 06181)
Brandt M. Doerr (ND ID# 08520)
FREMSTAD LAW FIRM
P. O. Box 3143
Fargo, North Dakota 58108-3143
Phone: (701) 478-7620
mark@fremstadlaw.com
brandt@fremstadlaw.com
ATTORNEYS FOR DEFENDANT
STOMLEY SALES & CONSULTING, LLC