**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| Henry Hill Oil Services, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER GRANTING IN PART AND** |
| | ) | **DENYING IN PART DEFENDANT'S** |
| | ) | **MOTION TO DISMISS** |
| vs. | ) | |
| | ) | |
| Stomley Sales & Consulting, LLC, | ) | Case No. 1:20-cv-00214 |
| | ) | |
| Defendant. | ) | |

Before the Court is Stomley Sales & Consulting, LLC's ("Stomley Consulting") "Motion to Dismiss" for failure to join Stomley Consulting as a required party under Rule 19 of the Federal Rules of Civil Procedure in a prior lawsuit and, in the alternative, failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). See Doc. No. 5. Henry Hill Oil Services, LLC ("Henry Hill") filed a response in opposition of the motion on February 19, 2021. See Doc. No. 10. A reply was filed on March 12, 2021. See Doc. No. 14. For the reasons set forth below, the Court grants in part and denies in part Stomley Consulting's motion to dismiss.

I.      **BACKGROUND**

The following facts are lifted from Plaintiff Henry Hill's complaint and briefs in support or opposition of the pending motion to dismiss. They are either uncontested or otherwise assumed to be true solely for the purposes of this order.

Henry Hill is a Utah limited liability company in the business of oil and gas exploration and production in North Dakota. See Doc. No. 11-1. Stomley Consulting is a North Dakota limited

liability company in the consulting business for oil and gas exploration and production companies. Complete diversity exists among the parties.

Henry Hill contracted with Stomley Consulting for the provision of consulting services and to serve as its representative at the Ellis Federal 1-5 SWD Well ("Ellis Federal Well") in western North Dakota. See Doc. No. 1, ¶ 8. In addition, Henry Hill contracted with Legacy Drilling, LLC ("Legacy Drilling") for certain mobilization, drilling, and other services, labor, and equipment for drilling operations on the Ellis Federal Well.

Under the agreement, Stomley Consulting was a representative of the operator (Henry Hill) of the Ellis Federal Well. A representative is commonly known in the oil and gas industry as a "company man" and is responsible for operational issues on location, including safety and efficiency of the project. Henry Hill relied on Stomley Consulting's assertions that it was an expert in its field and knowledgeable of industry standards. See Doc. No. 1, ¶ 7. Customary industry standards included the expectation that Stomley Consulting would communicate any and all issues that arose at the Ellis Federal Well to Henry Hill and the North Dakota Industrial Commission (the " Industrial Commission"). See Doc. No. 1, ¶ 8.

In August 2019, Legacy Drilling began moving and assembling the drilling rig for the Ellis Federal Well and drilling commenced until true vertical depth was reached and the well was flowing. See Doc. No. 1, ¶ 10. On or about August 23-24, 2019, the Ellis Federal Well had lost returns when drilling mud came back up the borehole, which caused the pipe to become stuck. In an attempt to free the stuck pipe, Legacy Drilling pulled the string (the entire length of casing, tubing, sucker rods, or drill pipe run into a hole) in excess of its tensile strength, which led to the parting of a joint of pipe approximately 150 feet below the surface. See Doc. No. 1 ¶ 11.

On or about August 25, 2019, there was a blowout at the Ellis Federal Well that resulted in a spill of production water. See Doc. No. 1, ¶ 12. The spill was eventually contained, and mud was pumped into the Ellis Federal Well until it was "killed." See Doc. No. 11-2, ¶ 47. Stomley Consulting notified Henry Hill of the blowout and represented it had reported the blowout to the Industrial Commission. Stomley Consulting asserted the Ellis Federal Well was under control and approximately five barrels of production water had been lost. See Doc. No. 1, ¶ 13.

However, through miscommunications, misrepresentations, or otherwise, the Industrial Commission had not actually been informed of the blowout until September 3, 2019. Korey Stomley of Stomley Consulting told the Commission a blowout did not occur on site, which was later contradicted by a video of the blowout. See Doc. No. 1, ¶ 14. The following day, the Industrial Commission visited the Ellis Federal Well to gather information concerning the blowout and any pressure testing that was performed. See Doc. No. 1, ¶ 15. Upon investigation, a blowout preventer was not properly installed, nor was pressure tested on the Ellis Federal Well; rather a function test was performed on the blowout preventer. In addition, approximately 250 barrels of production water were lost during the blowout on August 25, 2019.

On October 17, 2019, the Industrial Commission filed a complaint against Henry Hill alleging several violations of the North Dakota Administrative Code relating to the blowout. It assessed Henry Hill with civil penalties for, among other things, failing to test blowout preventers, failing to report the blowout to the Industrial Commission, underreporting the blowout release, and failing to properly dispose of contaminated soil. Henry Hill and the Industrial Commission reached a settlement agreement for $1,013,986.19. Subsequently, the Ellis Federal Well was plugged and abandoned.

A.    **Legacy Drilling, LLC v. Henry Hill Oil Services, LLC**

Legacy Drilling commenced a lawsuit[1] against Henry Hill in the United States District Court for the District of North Dakota in November 2019. See Doc. No. 11-1. Legacy Drilling alleged claims against Henry Hill for breach of contract, unjust enrichment, and quantum meruit. Id. Specifically, Legacy Drilling sought to recover payments owed for all of the services, labor, and equipment it provided at the Ellis Federal Well pursuant to the parties' contract. Henry Hill filed a counterclaim against Legacy Drilling for breach of contract and negligence, later amending it to add alternative claims for recklessness and intentional misconduct. See Doc. Nos. 11-2 and 11-6. Henry Hill alleged Legacy Drilling breached the parties' contract and was negligent, or in the alternative reckless or intentional, in failing to follow industry standards, failing to test the blowout preventers, and failing to properly clean up the spill at the Ellis Federal Well. Id.

On April 3, 2020, Henry Hill filed an unopposed motion seeking to file a third-party complaint against Stomley Consulting pursuant to Rule 14 of the Federal Rules of Civil Procedure. See Doc. No. 11-4. The unopposed motion proposed claims against Stomley Consulting for breach of contract and negligence related to the August 2019 blowout. See Doc. Nos. 11-4 and 11-5. Henry Hill alleged Stomley Consulting failed to promptly report the blowout to Henry Hill and the Industrial Commission; failed to pressure test the blowout preventers; and failed to properly supervise Legacy Drilling in the pressure testing of the blowout preventers and in the cleanup of the spill. See Doc. No. 11-5. Magistrate Judge Hochhalter denied Henry Hill's motion to file a third-party complaint because Rule 14 requires the third-party defendant's liability to be derivative of the defendant's own liability to the plaintiffs:

> "An examination of Henry Hill's claims in its proposed third-party complaints reveals they are not pleading any derivative or dependent claims based on indemnity, subrogation, or contribution. Rather, the claims are independent, stand-

---

[1] Legacy Drilling, LLC v. Henry Hill Oil Services, LLC (Case No. 1:19-cv-00256)

alone claims. The mere fact that the alleged third-party claims may arise out of the same set of facts as the original claim and the counterclaims is not enough. Stomley was not a party to the contract between Henry Hill and Legacy and thus is not responsible for making payment in whole or in part to Legacy for services provided and work performed under the contract. Moreover, if Henry Hill's allegations regarding Stomley are true, Stomley would be liable to Henry Hill regardless of whether Legacy succeeds in obtaining a judgment against Henry Hill."

See Doc. No. 11-5, p. 4.

Legacy Drilling and Henry Hill reached a settlement agreement and stipulated to dismiss the action with prejudice. The action was dismissed on December 2, 2020, with prejudice, after the Court adopted the parties' stipulation. See Doc. No. 11-8.

### B.      Henry Hill Oil Services, LLC v. Stomley Sales & Consulting, LLC

Henry Hill initiated the above-captioned action against Stomley Consulting by complaint on November 18, 2020. See Doc. No. 1. Henry Hill alleges claims for breach of contract, negligence/gross negligence, negligent supervision, and fraud/deceit relating to the August 2019 blowout at the Ellis Federal Well. As in its proposed third-party complaint, Henry Hill asserts Stomley Consulting failed to promptly report the blowout to Henry Hill and the Industrial Commission; failed to pressure test the blowout preventers; and failed to properly supervise Legacy Drilling in the pressure testing of the blowout preventers and in the cleanup of the spill. Id.

Stomley Consulting filed a motion to dismiss for failure to join Stomley Consulting as a required party under Rule 19 of the Federal Rules of Civil Procedure in a prior lawsuit and, in the alternative, failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6). See Doc. No. 5. Henry Hill filed a response in opposition to the motion on February 19, 2021, contending this action is not in privity with the *Legacy Drilling v. Henry Hill* lawsuit that resulted

in a final judgment on the merits, and the above-captioned matter is based on different claims than the previous lawsuit. See Doc. No. 10. Stomley Consulting filed a reply on March 12, 2021. See Doc. No. 14.

## II.   **LEGAL DISCUSSION**

Stomley Consulting alleges res judicata prevents Henry Hill from commencing this action because it did not join Stomley Consulting as a required party under Rule 19, and the non-contractual claims in the complaint fail to state a claim for which relief can be granted. Henry Hill contends res judicata does not bar this action because the *Legacy Drilling v. Henry Hill* lawsuit did not constitute a final judgment on the merits of Henry Hill's claims against Stomley Consulting; Stomley Consulting is not in privity with the parties in the *Legacy Drilling v. Henry Hill* lawsuit; and this action is based on different claims than the *Legacy Drilling v. Henry Hill* lawsuit.

### A.  **Claims Barred by Res Judicata for Failure to Join a Required Party**

Stomley Consulting first alleges this action, but more specifically, the tort claims by Henry Hill, are precluded under the doctrine of res judicata. In addition, Stomley Consulting asserts the complaint must be dismissed because it was not joined as a required party in the *Legacy Drilling v. Henry Hill* lawsuit. Henry Hill argues the doctrine of res judicata does not apply, despite some relevant facts overlapping in both lawsuits, and Stomley Consulting was not a required party under Rule 19.

6

### 1.  **Res Judicata**

It is well-established in the Eighth Circuit Court of Appeals that the application of res judicata principles in a diversity action is a question of substantive law controlled by state common law. Lane v. Sullivan, 900 F.2d 1247, 1250 (8th Cir.) cert. denied, 498 U.S. 847 (1990); Hillary v. Trans World Airlines, 123 F.3d 1041 (8th Cir. 1997). North Dakota follows the general common law of res judicata. Geraci v. Women's All., Inc., 547 F. Supp. 2d 1022, 1026 (D.N.D. 2008). "Res judicata is a term often used to describe such doctrines as merger, bar, and collateral estoppel, or the more modern terms of claim preclusion and issue preclusion." Borsheim v. O & J Properties, 481 N.W.2d 590, 596 (N.D.1992).

Res judicata, or claim preclusion, "prohibits the relitigation of claims or issues that were raised or could have been raised in a prior action between the same parties or their privies and which was resolved by final judgment in a court of competent jurisdiction." Id. (quoting Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 383 (N.D.1992)). The doctrine applies even if subsequent claims are based upon different legal theories. Ungar v. North Dakota State Univ., 721 N.W.2d 16, 21 (N.D.2006). The Eighth Circuit has established a four-prong test to determine the applicability of res judicata.

> A claim will be held to be precluded by a prior lawsuit when: (1) the first suit resulted in a final judgment on the merits; (2) the first suit was based upon proper jurisdiction; (3) both suits involve the same parties; and (4) both suits are based upon the same claims or causes of action. Furthermore, the party against whom res judicata is asserted must have had a full and fair opportunity to litigate the matter in the proceeding that is to be given preclusive effect.

Geraci, 547 F. Supp. 2d at 1026; See also Costner v. URS Consultants, Inc., 153 F.3d 667, 673 (8th Cir.1998).

The first prong requires the Court to look at whether the first suit resulted in a final judgment on the merits. Judgments generally do not bind those not made party to a lawsuit. Richards v. Jefferson City, Ala., 517 U.S. 793, 798 (1996). However, the United States Supreme Court has "recognized an exception to the general rule when, in certain limited circumstances, a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." Id. (quoting Hansberry v. Lee, 311 U.S. 32, 41-42 (1940)).

> A person may be legally affected by a judgment, broadly speaking, by reason either of being a party or equivalent participant in the litigation, or from having a legal relationship that is derivative from one who was a party, or in being so situated that his own rights or obligations are conditioned in one way or another by a judgment involving another person.

Restatement (Second) of Judgments 4 Intro. Note (Am. Law Inst. 1982). This concept is commonly referred to as privity. See Nolles v. State Comm. for Reorganization of Sch. Districts, 524 F.3d 892, 902 (8th Cir. 2008). The North Dakota Supreme Court has articulated an "expanded version" of privity:

> Privity exists if one is so identified in interest with another that he or she represents the same legal right.  This Court uses an expanded version of privity to include a person not technically a party to a judgment, but who is nevertheless, connected with it by his interest in the prior litigation and by his right to participate therein. The right to participate in an action may be actively exercised by prosecuting the action, employing counsel, controlling the defense, filing of an answer, paying expenses or costs of the action, or doing such other acts that are generally done by parties.  Fundamental fairness underlies determinations of res judicata and privity.

Martin v. Marquee Pac., LLC, 2018 ND 28, ¶ 19, 906 N.W.2d 65 (internal quotation and citation omitted); see also Minex Res., Inc. v. Morland, 518 N.W.2d 682, 687 (N.D. 1994); Hofsommer v. Hofsommer Excavating, Inc., 488 N.W.2d 380, 384 (N.D. 1992). The United States Supreme Court has explained that privity requires a non-party be "adequately represented by someone with the same interest who is a party." Richards, 517 U.S. at 798. "A party's representation of a nonparty is 'adequate' for preclusion purposes only if, at a minimum: (1) The interests of the nonparty and

her representative are aligned, and (2) either the party understood herself to be acting in a representative capacity or the original court took care to protect the interests of the nonparty." Taylor v. Sturgell, 553 U.S. 880, 900 (2008).

The Court finds the doctrine of res judicata does not apply to the above-captioned matter. The settlement between the parties in the case of *Legacy Drilling v. Henry Hill*, resulted in a final judgment on the merits, but not as to Stomley Consulting. Legacy Drilling and Henry Hill reached a settlement and stipulated to dismiss the case with prejudice. See Larken, Inc. v. Wray, 189 F.3d 729, 732 (8th Cir. 1999) (stating when the parties to a previous lawsuit agree to dismiss a claim with prejudice, such a dismissal constitutes a "final judgment on the merits" for purposes of res judicata). Stomley Consulting was not in privity with Legacy Drilling or Henry Hill in the first lawsuit. Neither Legacy Drilling nor Henry Hill were in a representative capacity for Stomley Consulting in the prior lawsuit. Neither Legacy Drilling nor Henry Hill's interests in the outcome of the matter would have any bearing on Stomley Consulting. The settlement between Legacy Drilling and Henry Hill did not impact any rights or obligations of Stomley Consulting and, as such, the doctrine of res judicata fails.

The Court need not provide a lengthy discussion on the remaining elements of res judicata. However, the Court finds it important to note that Stomley Consulting's remaining arguments in favor of res judicata are unpersuasive, with the exception of the requirement for proper jurisdiction. While Henry Hill is certainly a party to both the lawsuits in question, Stomley Consulting was not a party to, nor had any interest in, *Legacy Drilling v. Henry Hill*. In addition, issue preclusion is not applicable to this action. In *Legacy Drilling v. Henry Hill*, Legacy Drilling sought to recover monies owed pursuant to their agreement for services, labor equipment, and materials provided on the Ellis Federal Well. The agreement was between Legacy Drilling and Henry Hill; Stomley

Consulting was not a party to the agreement. Henry Hill filed a counterclaim alleging Legacy Drilling breached their agreement and was negligent by failing to adequately manage and perform work on the Ellis Federal Well. Subsequently, Henry Hill filed an unopposed motion to voluntarily join Stomley Consulting, but the motion was denied because the proposed claims were independent of the claims between Legacy Drilling and Henry Hill. The mere fact that the alleged third-party claims may arise out of the same set of facts as the original claim and the counterclaims is not enough. Thus, the doctrine of res judicata is inapplicable and the motion to dismiss is denied.

### 2. **Failure to Join a Required Party**

Federal Rule of Civil Procedure 12(b)(7) allows a defendant to seek dismissal of a case for failure to join a party under Federal Rule of Civil Procedure 19. See Fed. R. Civ. P. 12(b)(7). In analyzing a Rule 12(b)(7) motion, courts must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. 5C Wright & Miller, Federal Practice and Procedure § 1359 (3d ed. 2004). The Court is not limited to the pleadings in its consideration of a Rule 12(b)(7) motion. Id.; Cafesjian v. Armenian Assembly of Am., Inc., No. 07-2079, 2008 WL 906194 at *4 (D. Minn. Mar. 31, 2008).

Rule 19 of the Federal Rules of Civil Procedure mandates that the court conduct a two-part inquiry when determining whether an action should be dismissed for failure to join an indispensable party. Initially, the court must determine whether the absent person's presence is "required." Fed. R. Civ. P. 19(a). If the court determines the absent person's presence is "required," the court must then determine if dismissal is appropriate under Rule 19(b). Dismissal is appropriate if the moving party demonstrates: (1) an absent and required party should be joined; (2) the court cannot join the absent, required party; and (3) the case cannot proceed "in equity or good

conscience" without the absent, required party. <u>See</u> Fed. R. Civ. P. 19(b). "The Rule 19 inquiry is a context sensitive one which may vary from case to case." <u>Two Shields v. Wilkinson</u>, 790 F.3d 791, 798 (8th Cir. 2015).

An absent person's presence is "required" in two instances. The first is when complete relief cannot be accorded among the existing parties because of the absent person.  Fed. R. Civ. P. 19(a)(1)(A). The second is when the absent person claims an interest in the subject of the action that is of such a character that disposing of the action would either impair or impede that person's ability to protect their interest as a practical matter or would leave an existing party in substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the absent person's interest. <u>See</u> Fed. R Civ. P. 19(a)(1)(B)(i) and (ii). If the presence of an absent person is "required," the court must order that the person be joined if feasible.  Fed. R. Civ. P. 19(a)(2).

In this case, the Court finds unpersuasive Stomley Consulting's argument it was a required party under Rule 19. Without question, complete relief was accorded in *Legacy Drilling v. Henry Hill* and the action was disposed without imposition on Stomley Consulting's rights or obligations. Stomley Consulting hangs it's hat on the fact both lawsuits have allegations that arise out of the same set of facts and circumstances. Because the standard under Rule 19(a) has not been met, no analysis under Rule 19(b) is required. The motion to dismiss is denied.

### B.  <u>Failure to State a Claim</u>

In the alternative, Stomley Consulting alleges Henry Hill's claims of negligence/gross negligence, negligent supervision, and fraud/deceit should be dismissed for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Specifically, Stomley Consulting argues the equitable claims should be dismissed because Henry

Hill has alleged a contractual relationship between the parties and the tort claims cannot survive independently. Henry Hill contends the non-contractual claims do not fail because it is entitled to plead in the alternative and each claim has sufficiently been pled pursuant to Rule 8.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates the dismissal of a claim if there has been a failure to state a claim upon which relief can be granted. In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A plaintiff must show that success on the merits is more than a "sheer possibility." Id. A complaint is sufficient if its "factual content . . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. The court must accept all factual allegations as true, except for legal conclusions or "formulaic recitation of the elements of a cause of action." Id. at 681. Detailed factual allegations are not necessary under the Rule 8 pleading standard, rather a plaintiff must set forth grounds of its entitlement to relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint does not "suffice if it tenders a naked assertion devoid of further factual enhancement." Ashcroft, 556 U.S. at 678. The determination of whether a complaint states a claim upon which relief can be granted is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. Dismissal will not be granted unless it appears beyond doubt the plaintiff can prove no set of facts entitling plaintiff to relief.  Ulrich v. Pop Cnty, 715 F.3d 1054, 1058 (8th Cir. 2013).

The pleading standard under Rule 12(b)(6) contemplates that plaintiffs will often be unable to prove definitely the elements of the claim before discovery, particularly in cases where the necessary information is within the control of the defendants. Ash v. Anderson Merchandisers, LLC, 799 F.3d 957, 961 (8th Cir. 2015). The pleading standard only requires the plaintiff allege sufficient facts to state a plausible claim. Id.

### 1. Negligence/Gross Negligence

Henry Hill has asserted claims in both contract and tort against Stomley Consulting. Stomley Consulting asserts that Henry Hill's claims for negligence/gross negligence must be dismissed because the duties claimed, "are virtually the same duties that Henry Hill claims Stomley Consulting owes arising out of its contract." See Doc. No. 6, ¶ 77.

Fed. R. Civ. P. 8(d)(2) provides that: "A party may set out [two] or more statements of a claim ... alternatively ... either in a single count ... or in separate ones. If a party makes alternative statements, the pleading is sufficient if any one of them is sufficient." N. Am. Bullion Exch., LLC v. CC Trading, LLC, 412 F. Supp. 3d 1119, 1128 (D.N.D. 2019). Further, under Fed. R. Civ. P. 8(d)(2), "a plaintiff may plead inconsistent theories of liability, and may even argue alternative claims to a jury." Id. (quoting McNamara v. Picken, 950 F.Supp.2d 125, 128 (D.D.C. 2013); see also Scott v. District of Columbia, 101 F.3d 748, 753 (D.C. Cir. 1996) (providing that, under Fed. R. Civ. P. 8(d)(2), a plaintiff "could properly plead alternative theories of liability, regardless of whether such theories were consistent with one another" and "could properly argue alternative claims to the jury"). "Until an action has actually reached the point of entering a judgment, Rule 8 allows a plaintiff to explore alternative, mutually exclusive theories." Id.; Laurence v. Atzenhoffer Chevrolet, 281 F.Supp.2d 898, 900 (S.D. Tex. 2003).

The Court finds Stomley Consulting's argument for dismissal unpersuasive at this stage of the litigation. Henry Hill has alleged a breach of contract claim and, in the alternative, several tort claims. Although true that to sustain its claims for negligence Henry Hill must demonstrate the alleged tortious conduct existed independently of the alleged breach of contract, this action has not reached judgment. See Doe v. Sw. Grain, 309 F. Supp. 2d 1119, 1122 (D.N.D. 2004); CC Trading, LLC, 412 F. Supp. 3d at 1128. As of the date of this Order, Stomley Consulting has not filed an answer, nor is it likely any significant discovery has taken place. Accepting all factual allegations by Henry Hill as true and drawing all reasonable inferences in its favor, the Court finds that Henry Hill has sufficiently pled a negligence claim either independently of, or in the alternative, to its breach of contract claim. At this stage, the motion to dismiss is denied.

### 2.  **Negligent Supervision**

Stomley Consulting contends Henry Hill's negligent supervision claim should be dismissed because it is an independent contractor and North Dakota law requires an employer-employee relationship for a negligent supervision claim. In addition, Stomley Consulting alleges the breach of contract claim prevents recovery under a negligent supervision claim because the equitable claim cannot survive independently. Henry Hill asserts North Dakota law supports a claim for vicarious liability of independent contractors and its alternative theory of recovery survives this stage of litigation.

The North Dakota Supreme Court has made clear that a claim for vicarious liability and negligent supervision are related, but independent claims. Koehler v. Cty. of Grand Forks, 2003 ND 44, ¶ 28, 658 N.W.2d 741, 749 "In addition to vicarious liability for an employee's conduct, an employer may be directly liable for the employer's own acts in negligently supervising an

employee." <u>Koehler</u>, 658 N.W.2d at 749 (citing <u>Nelson v. Gillette</u>, 1997 ND 205, ¶ 39, 571 N.W.2d 332). Under North Dakota law, a claim for negligent supervision may arise when an employer fails to exercise ordinary care in supervising the employment relationship to prevent the foreseeable misconduct of an employee from causing harm to other employees or third persons. <u>Id.</u> Because the claim is based on negligence principles, the plaintiff has the burden of demonstrating a duty, breach of that duty, causation, and damages. <u>Id.</u>

It is undisputed Henry Hill hired Stomley Consulting and Legacy Drilling each as independent contractors. It does not appear the North Dakota Supreme Court has squarely addressed the issue of whether an independent contractor could be held liable for negligent supervision of another independent contractor. Since this is a diversity action, the Court must apply North Dakota law and, in doing so, is bound by the decisions of the North Dakota Supreme Court. <u>Kongelf v. Sears Holding Corp.</u>, No. 4:09-CV-038, 2010 WL 1977955, at ¶ 4 (D.N.D. Apr. 12, 2010) (citing <u>E.g., Integrity Floorcovering, Inc. v. Broan–Nutone, LLC</u>, 521 F.3d 914, 917 (8th Cir.2008)). However, if the North Dakota Supreme Court has not spoken on a particular issue, the court must predict how it would resolve the issue by considering "relevant state precedent, analogous decisions, considered dicta, ... and any other reliable data." <u>Id.</u> (quoting <u>Kovarik v. American Family Ins. Group</u>, 108 F.3d 962, 964 (8th Cir.1997)).

It is the Court's opinion that the North Dakota Supreme Court would not allow an independent claim for negligent supervision in which one independent contractor is liable for the actions or inactions of a separate and distinct independent contractor. There are several reasons for this forecast.

First, negligent supervision has traditionally, and exclusively, been a claim against an *employer* for foreseeable misconduct by its employees and harm to a third party due to a lack of

ordinary care in the supervision of the employees. In this case, it is undisputed that Stomley Consulting was hired as an independent contractor by Henry Hill. Henry Hill relies on *Devore* to support its position that Stomley Consulting, as an independent contractor, could be liable for negligent supervision. Devore v. American Eagle Energy Corporation, 937 N.W.2d 503 (N.D. 2020).

In *Devore*, American Eagle Energy Corporation ("American Eagle") contracted with Fort Berthold Services ("FBS") to provide water transfer services for hydraulic fracturing operations at oil wells. American Eagle also contracted with Integrated Petroleum Technologies, Inc. ("IPT") for consulting services. FBS and IPT had no contractual relationship. However, FBS took direction from IPT, but retained control over its own day-to-day activities, including how it performed its work. Dylan Devore ("Devore"), an employee for FBS, filed a negligence/gross negligence claim against American Eagle and IPT for injuries sustained on a work project. The North Dakota Supreme Court affirmed the district court's conclusion that American Eagle, as the employer of FBS, did not retain control over FBS's work as an independent contractor and thus could not be liable as a matter of law for FBS's negligence. Id. at 507.

In addition, the North Dakota Supreme Court affirmed the district court's finding that IPT did not owe Devore a duty of care. Id. at 508. Devore argued IPT "owed him a duty as his employer under the retained control doctrine," which provides that an employer must have retained at least some degree of control over the manner in which the work is done, not just merely the right to inspect the work after it is complete. Id. at 506 and 508; see also Fleck v. ANG Coal Gasification Co., 522 N.W.2d 445, 448 (N.D. 1994). The Supreme Court said IPT can be liable under Section 414 "only if [IPT] exercised American Eagle's authority to control FBS and Devore's work," but

it could not, nor could it terminate FBS or Devore on behalf of American Eagle. See Restatement (Second) of Torts § 414 (1965). Therefore, IPT could not be liable as a matter of law.

Like American Eagle in *Devore*, Henry Hill has entered into two separate contractual relationships with independent contractors for services. Legacy Drilling and Stomley Consulting do not have a contractual relationship. However, unlike *Devore*, Henry Hill is not suing under a vicariously liability theory. In its complaint, Henry Hill has alleged, among other things, Stomley Consulting was hired as a company man to be its representative at the Ellis Federal Well site. Henry Hill does not allege Stomley Consulting had control of anyone or anyone's work at the Ellis Federal Well. Nor does Henry Hill allege Stomley Consulting stepped into its shoes as the employer of Legacy Drilling. The Court finds the *Devore* case does not weigh in favor of allowing a claim for negligent supervision to proceed. Henry Hill has not alleged Stomley Consulting, as an independent contractor, had the requisite degree of control necessary over Legacy Drilling, or that Stomley Consulting was Legacy Drilling's employer.

Second, the general rule under North Dakota law is one who employs an independent contractor is generally not liable for the negligence of the independent contractor. Travelers Cas. Ins. Co. of Am. v. Williams Co. Const., 2014 ND 160, ¶ 15, 851 N.W.2d 164, 169. A plaintiff's ability to recover from an employer for an independent contractor's negligence is an exception to the general rule. Id. To hold an independent contractor liable for another independent contractor's negligence would create an exception to the exception the Court is not willing to make.

The Court has considered all arguments in opposition to dismissal of the claim and finds them unpersuasive. The Court finds Henry Hill has failed to state a claim for which relief can be granted. As such, the motion to dismiss the claim for negligent supervision is granted.

### 3. __Fraud/Deceit__

Stomley Consulting alleges Henry Hill's blended claim for fraud/deceit should be dismissed. Specifically, Stomley Consulting alleges the fraud claim should be dismissed because Henry Hill has failed to allege a "lack of free consent given" under a contract and failed to allege an appropriate remedy. In addition, Stomley Consulting alleges the deceit claim should be dismissed because the complaint asserts the parties entered into a contract, and deceit under N.D.C.C. § 9-10-02 only applies in the absence of a contract.

The law is clear that fraud must be pled with particularity. Fed. R. Civ. P. 9(b). North Dakota has recognized that fraud and deceit are similar concepts; fraud applies only when there is a contract between the parties, while deceit applies when there is no contract between the parties. See Nagel v. Sykes Realty, Inc., 400 F.Supp.2d 1198, 1202 (D.N.D. 2005); Erickson v. Brown, 2008 ND 57, ¶ 24, 747 N.W.2d 34, 44 (noting that the same conduct can constitute both deceit and fraud). The Eighth Circuit has held that claims grounded in fraud must meet the heightened pleading requirements under Rule 9(b). Streambend Proper, II, LLC v. Ivy Tower Minneapolis, LLC, 781 F.3d 1003, 1010 (8th Cir. 2015). Because deceit is a claim grounded in fraud, it must also meet the heightened pleading requirements. See Shangcheng Development, LLC v. Norvanta, LLC, 2015 WL 11143143, No. 4:14-cv-164, *2 (D.N.D. May 27, 2015).

The heightened pleading standards of Rule 9(b) require that a party alleging fraud identify the "who, what, where, when, and how" of the alleged fraud. BJC v. Health System v. Columbia Cas. Co., 478 F.3d 908, 917 (8th Cir. 2007). Thus, it is necessary to plead the time, place, and contents of the alleged false representation along with the identity of the person who made the representation and what was obtained or given up thereby. Id. While the level of particularity

depends on the nature of the case and the relationship between the parties, conclusory allegations will not generally satisfy the rule. Id.

Under North Dakota law, "actual fraud within the meaning of this title consists in any of the following acts committed by a party to the contract, or with the party's connivance, with intent to deceive another party thereto or to induce the other party to enter into the contract:

1. The suggestion as a fact of that which is not true by one who does not believe it to be true;
2. The positive assertion, in a manner not warranted by the information of the person making it, of that which is not true though that person believes it to be true;
3. The suppression of that which is true by one having knowledge or belief of the fact;
4. A promise made without any intention of performing it; or
5. Any other act fitted to deceive."

N.D.C.C. § 9-03-08.

Actual fraud includes an affirmative statement of a fact known to be false or the suppression of a fact known to be true. NDCC § 9–03–08(1) and (3). Bourgois v. Montana-Dakota Utilities Co., 466 N.W.2d 813, 816 (N.D. 1991). A claim for fraud requires "a contract between the parties; a misrepresentation of facts, suppression of facts, misleading another, or promising without an intent to perform; reliance on the false or misleading representation; and proof of actual damages proximately caused by the misrepresentation or nondisclosure." Northstar Founders, LLC v. Hayden Capital USA, LLC, 2014 ND 200, ¶ 27, 855 N.W.2d 614. In litigation, an allegation of fraud by one of the parties to a contract is a challenge to the formation of the contract through the assertion that there was insufficient consent to form the contract. N.D.C.C. § 9–03–04; see also Cont'l Res., Inc. v. P&P Indus., LLC I, 2018 ND 11, ¶ 45, 906 N.W.2d 105, 116.

A party who has been induced to enter a contract by fraudulent misrepresentations may elect to rescind the contract, or to affirm the contract and recover damages. Holverson v. Lundberg, 2016 ND 103, ¶ 15, 879 N.W.2d 718, 723 (citing Barker v. Ness, 1998 ND 223, ¶ 8, 587 N.W.2d 183; Delzer v. United Bank, 527 N.W.2d 650, 653 (N.D.1995)); Bourgois, 466 N.W.2d at 816. If the party alleging fraud seeks to avoid the contract, it must show that legally binding consent was absent because of a misrepresentation by the other party (fraud). N.D.C.C. §§ 9–03–07, 9–03–08, 9–03–09. This remedy for fraud is rescission of the contract and requires returning the parties back to their original positions. Heart River Partners v. Goetzfried, 2005 ND 149, ¶ 21, 703 N.W.2d 330. Rescission requires the parties to return any consideration (value) that was transferred between the parties. N.D.C.C. § 9–09–04.

To state a claim for deceit under North Dakota law, a plaintiff must plead specific facts demonstrating the following elements:

1. The suggestion as a fact of that which is not true by one who does not believe it to be true;

2. The assertion as a fact of that which is not true by one who has no reasonable ground for believing it to be true;

3. The suppression of a fact by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact; or

4. A promise made without any intention of performing.

N.D.C.C. § 9-10-02.

Under N.D.C.C. Chapter 9–10, if there is no contract between the parties, "[o]ne who willfully deceives another with intent to induce him to alter his position to his injury or risk is liable for any damage which he thereby suffers," and "deceit" is defined as "[a] promise made without any intention of performing." N.D.C.C. §§ 9–10–01, 9–10–02(4), and 9–10–03; see also

Erickson, 747 N.W.2d at 45. Under those statutes, a promise made without any intention of performing it which does not meet the requirements of a contract between the parties may nevertheless satisfy the requirements of deceit, and the victim of that deceit may recover for any damage suffered. Id.

Stomley Consulting asserts Henry Hill alleges a contract between the parties but does not allege error in the formation of the contract; and consequently, cannot survive either a fraud or deceit claim. Stomley Consulting misconstrues the elements of fraud/deceit, arguing only a narrow interpretation of the statutes. The heart of Henry Hill's claim lies in the alleged misrepresentations made by Stomley Consulting that only five barrels of production water were lost, and that the blowout at the Ellis Federal Well was reported in a timely fashion to the Industrial Commission. The Court can conclude, at this stage, that Henry Hill elected to affirm the contract and recover damages. In addition, Stomley Consulting's argument the deceit claim must be dismissed because Henry Hill has pled a breach of contract theory is unpersuasive. It is elementary that a party may assert a tort claim either independently of, or in the alternative, to its breach of contract claim at this stage of litigation. The Court finds that Henry Hill has sufficiently pled with particularity the requisite elements of fraud and deceit at this stage. The motion to dismiss is denied.

### III.   <u>CONCLUSION</u>

The Court has carefully reviewed the entire record, the parties' filings, and the relevant law. For the reasons set forth above, Stomley Consulting's motion to dismiss (Doc. No. 5) is **GRANTED IN PART AND DENIED IN PART** and the motion for a hearing (Doc. No. 7) is **DENIED**.

**IT IS SO ORDERED**

Dated this 22nd day of July, 2021.

/s/  Daniel L. Hovland
Daniel L. Hovland, District Judge
United States District Court