UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| Henry Hill Oil Services, LLC,<br><br>Plaintiff,<br>vs.<br><br>Stomley Sales & Consulting, LLC,<br><br>Defendant. | Case No. 1:20-cv-00214<br><br>**ANSWER AND COUNTERCLAIM OF DEFENDANT STOMLEY SALES & CONSULTING, LLC** |

Defendant Stomley Sales & Consulting, LLC ("Stomley Consulting") for its Answer to Plaintiff Henry Hill Oil Services, LLC ("Henry Hill")'s Complaint, states and alleges as follows:

[¶1] Stomley Consulting denies every allegation contained in the Complaint unless expressly explained, admitted, or qualified herein.

[¶2] Stomley Consulting admits, upon information and belief, the allegations in Paragraph 1 of the Complaint.

[¶3] Stomley Consulting admits Paragraph 2 of the Complaint.

[¶4] Stomley Consulting denies Paragraph 3 of Plaintiff's Complaint and affirmatively alleges that Plaintiff's claims are barred under the principles of issue preclusion, claim preclusion, res judicata, as all issues arising out of the common nucleus of operative facts could have been raised or should have been raised in the case of <u>Legacy Drilling LLC v. Henry Hill Oil Services, LLC</u>, United States District Court for the District of North Dakota civil file no. 1:2019-cv-0256. As to the issue of subject matter jurisdiction, Stomley Consulting puts Plaintiff to its strict burden of proof thereon and reserves the right to file a Motion to Dismiss.

[¶5] As to the averments set forth in Paragraph 4 of Plaintiff's Complaint, Stomley Consulting admits that it has transacted business in the Judicial District of the State of North

Dakota however, as to the issue of personal jurisdiction, it is a matter of law and Stomley Consulting denies the allegations and puts Plaintiff to its strict burden of proof thereon.

[¶6]   As to the allegations set forth in Paragraph 5 of Plaintiff's Complaint, Stomley Consulting admits that in the event that this Court has subject matter jurisdiction and personal jurisdiction over this matter, it admits that venue is appropriate in the District of North Dakota. If, however, this court dismisses Plaintiff's claims because of jurisdictional matters as raised above, Stomley Consulting denies the allegations and put Plaintiff to its strict burden of proof thereon.

[¶7]   Admits Paragraph 6 of Plaintiff's Complaint.  Affirmatively alleges that work had already commenced on the "Ellis Federal Well" and Henry Hill had retained the services of a workover rig, which was and is inappropriate for the purposes of re-tooling a defunct or "plugged" well for the purpose of being a salt water disposal ("SWD") well, as was the purpose for the well at issue here.

[¶8]   As to the allegations set forth in Paragraph 7, Stomley Consulting admits that it met with Henry Hill regarding the Ellis Federal Well.  The remainder of the of the allegations are denied and Plaintiff is put to its strict burden of proof thereon.

[¶9]   As to the allegations set forth in Paragraph 8 of Plaintiff's Complaint, Stomley Consulting admits that it was hired as the "company man" or owner's representative for the repurposing of the Ellis Federal Well to a SWD injection well.  The remainder of the allegations are denied and Plaintiff is put to its strict burden of proof thereon.  Stomley Consulting affirmatively alleges that it remained in contact with representatives of Henry Hill Oil Services, LLC ("Henry Hill") for the duration of its time as company man for the Ellis Federal Well.

Stomley Consulting also expressly denies that it is responsible for communications with the North Dakota State Industrial Commission.

[¶10]   As to the allegations set forth in Paragraph 9 of Plaintiff's Complaint, Stomley Consulting admits that Henry Hill hired Legacy Drilling, LLC ("Legacy Drilling") as the drilling rig for repurposing the Ellis Federal Well from a plugged oil well to a SWD injection well. Affirmatively alleges that Jake Burton of Henry Hill had already decided that Henry Hill wanted to have Legacy Drilling, regardless of any views expressed by Stomley Consulting. The remainder of the allegations are denied and Plaintiff is put to its strict burden of proof thereon.

[¶11]   Denies Paragraph 10 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proof thereon. Specifically denies that the Ellis Federal Well had "lost returns" as of August 23 and 24, 2019; rather, the well had some returns during the time period in question.

[¶12]   As to the allegations set forth in Paragraphs 11-12 of Plaintiff's Complaint, Stomley Consulting admits that there was a separation of the string or "blowout" that occurred on or about August 25, 2019, but denies the remainder of the allegations as set forth by Plaintiff and puts Plaintiff to its strict burden of proof thereon.

[¶13]   As to the allegations set forth in Paragraph 13 of Plaintiff's Complaint, Stomley Consulting admits that it informed Jake Burton of Henry Hill via text message of the blowout on August 25, 2019 and they discussed additional details thereafter. The remainder of the allegations are denied and Plaintiff is put to its strict burden of proof thereon.

[¶14]   As to the allegations set forth in Paragraph 14 of Plaintiff's Complaint, they are denied and Plaintiff is put to its strict burden of proof thereon.

[¶15]   On information and belief, admits a much of Paragraph 15 of Plaintiff's Complaint regarding the State Industrial Commission representatives field staff being on the Ellis Federal

Well site on September 4, 2019; the remainder of the allegations are denied and Plaintiff is put to its strict burden of proof thereon.

[¶16]   Denies Paragraphs 16-18 of Plaintiff's Complaint and puts Plaintiff to its strict burden of proof thereon.

[¶17]   On information and belief, admits Paragraphs 19-20 of Plaintiff's Complaint.

[¶18]   Paragraphs 21 and 22 of Plaintiff's Complaint are denied and Plaintiff is put to its strict burden of proof thereon.

## COUNT I, BREACH OF CONTRACT

[¶19]   As to the averments set forth in Paragraph 23 of Plaintiff's Complaint, they do not require a plead response.  To the extent that the Court requires a plead response, they are denied and Plaintiff is put to its strict burden of proof thereon.

[¶20]   Paragraphs 24-27 of Plaintiff's Complaint are denied and Plaintiff is put to its strict burden of proof thereon.

## COUNT II, NEGLIGENCE/ GROSS NEGLIGENCE

[¶21]   As to the averments set forth in Paragraph 28 of Plaintiff's Complaint, they do not require a plead response.  To the extent that the Court requires a plead response, they are denied and Plaintiff is put to its strict burden of proof thereon.

[¶22]   Paragraphs 29-37 of Plaintiff's Complaint are denied and Plaintiff is put to its strict burden of proof thereon.

[¶23]   Stomley Consulting affirmatively alleges that to the extent that there are claims arising out of breach of contract, Plaintiff is preclude from seeking recourse by and through tort claims as what duty of care, if any, is established by mutual agreement and accordingly, tort theories of recovery are precluded.

[¶24] Stomley Consulting moves to dismiss any and all claims arising out of negligence on the basis that the duties between the parties arise out of a contractual agreement.

## COUNT III, NEGLIGENT SUPERVISION

[¶25] As to the averments set forth in Paragraph 38 of Plaintiff's Complaint, they do not require a plead response. To the extent that the Court deems a plead response is required, the averments are denied and Plaintiff is put to its strict burden of proof thereon.

[¶26] As to the averments set forth in Paragraphs 29-41, STOMLEY CONSULTING affirmatively denies Henry Hill is entitled to any of the relief sought in its Complaint or any relief whatsoever, pursuant to the Court's Order of July 22, 2021 dismissing the negligent supervision claim. See Doc. ID No. 16, at 14-17. To the extent that a plead response is required, the averments are denied and Plaintiff is put to its strict burden of proof thereon.

## COUNT IV, FRAUD/DECEIT

[¶27] As to the averments set forth in Paragraph 42 of Plaintiff's Complaint, they do not require a plead response. To the extent that the Court deems a plead response is required, the averments are denied and Plaintiff is put to its strict burden of proof thereon.

[¶28] As to the averments set forth in Paragraphs 43-47, they are denied and Plaintiff is put to its strict burden of proof thereon.

### AFFIRMATIVE DEFENSES

[¶29] STOMLEY CONSULTING restates and realleges each of the affirmative defenses stated above.

[¶30] STOMLEY CONSULTING affirmatively alleges this Court only has jurisdiction to determine whether this matter should be dismissed under the doctrine of res judicata, or other applicable doctrines.

[¶31]   STOMLEY CONSULTING affirmatively alleges that the Complaint fails to state a claim upon which relief may be granted.

[¶32]   STOMLEY CONSULTING affirmatively alleges that it performed all duties owed under the Contract other than any duties which were prevented or excused, and therefore never breached any Contract with Plaintiff.

[¶33]   STOMLEY CONSULTING affirmatively alleges Plaintiff's Complaint is barred by the legal principles of first breach, waiver, estoppel, lack of consideration, failure of consideration, release, unclean hands, fraud/deceit, and/or lack of jurisdiction.

[¶34]   STOMLEY CONSULTING affirmatively alleges that Plaintiff has not been damaged as a result of STOMLEY CONSULTING's acts or omissions.

[¶35]   STOMLEY CONSULTING affirmatively alleges that Plaintiff's alleged damages are the result of its own acts or omissions, or the acts or omissions of other people or entities over which STOMLEY CONSULTING had no control.

[¶36]   Without admitting Plaintiff has been damaged, STOMLEY CONSULTING affirmatively alleges Plaintiff has failed to mitigate its damages.

[¶37]   Without admitting Plaintiff has been damaged, STOMLEY CONSULTING affirmatively alleges offset and/or setoff, including, but not limited to, any monies received by Plaintiff arising out of the First Ellis Federal Lawsuit commenced by Legacy Drilling captioned <u>Legacy Drilling LLC v. Henry Hill Oil Services, LLC</u>, United States District Court for the District of North Dakota civil file no. 1:2019-cv-0256.

[¶38]   STOMLEY CONSULTING'S acts or omissions, as alleged in the Complaint, were and are privileged and/or justified.

[¶39]   Plaintiff's claims are barred by the applicable statutes of limitation.

[¶40]   The losses, damages and/or injuries, if any, which Plaintiff complains was solely and proximately caused and contributed to by acts, conduct or omissions of Plaintiff and/or third parties over whom STOMLEY CONSULTING had no control, and the acts, conduct, and/or omissions of said persons intervened between the acts, conduct and/or omissions of STOMLEY CONSULTING, or other wise caused or contributed to alleged losses, damages, injuries allegedly suffered by Plaintiff, and such intervening acts, conduct and/or omissions were the sole and legal cause of Plaintiff's damages, if any.

[¶41]   If it is established the STOMLEY CONSULTING is in any manner legally responsible for any of the injuries and damages alleged in the Complaint, such injuries and damages, the facts and extent of which are expressly denied by STOMLEY CONSULTING, were proximately caused and contributed to by persons and entities other than STOMLEY CONSULTING, and for whom STOMLEY CONSULTING is not responsible, and hence, STOMLEY CONSULTING is entitled to indemnity and contribution, or both, from each of said other persons/ entities in an amount in direct proportion to the culpable conduct of other said persons/entities. The foregoing affirmative defense is notwithstanding the codification of North Dakota's Modified Comparative Fault Act, which apportions legal responsibility for negligent conduct on each responsible party for said fault.

[¶42]   Plaintiff's claims against STOMLEY CONSULTING are barred because Plaintiff consented to and approved acts and omissions alleged in the Complaint.

[¶43]   Plaintiff, through its actions and conduct, impliedly consented to and approved the acts and omissions alleged in the Complaint.

[¶44]   In the event that Plaintiff's Complaint is not barred, pending completion of discovery, STOMLEY CONSULTING affirmatively asserts and incorporates by reference all

applicable affirmative defenses or avoidances set forth in Rules 8, 9, and 12 of the Federal Rules of Civil Procedure.

[¶45]   In the event that Plainitff's Complaint is not barred, STOMLEY CONSULTING alleges that it intends to rely on any and all affirmative defenses to the Complaint that may become available through the course of discovery in this action and hereby reserves the right to amend this Answer to include any such defenses.

## COUNTERCLAIM

[¶46]   For its counterclaim to Plaintiff's Complaint, Defendant and Counterclaimant STOMLEY CONSULTING respectfully states, alleges, and shows to the Court as follows:

## STATEMENT REGARDING NON-WAIVER OF APPELLATE ARGUMENTS AND RULE 12(B) ISSUES

[¶47]   STOMLEY CONSULTING, by and through the undersigned counsel contends that this lawsuit should have been dismissed in all things for all the reasons set forth in its Motion to Dismiss and the accompanying papers filed therein (Doc. ID NO. 5, et seq).  STOMLEY CONSULTING is also aware of the Court's Order of July 22, 2021 Denying STOMLEY CONSULTING'S Motion and thereafter, STOMLEY CONSULTING filed a Notice of Motion and Motion to Certify Order for Interlocutory Appeal and to Stay Proceedings pursuant to 28 U.S.C. § 1292(b) (Doc. ID No. 17) which is presently pending before this honorable Court. Consequently, this compulsory Counterclaim is made alternatively and without waiver of the dismissal arguments and Motion to Certify Order for Interlocutory Appeal that are currently pending.  See e.g., First Nat. Bank of Minneapolis v. White, 420 F.Supp. 1331, 1338 (D. Minn. 1976) (stating that "defendants should not be put to a Hobson's choice between asserting their

compulsory counterclaim or challenging venue" and citing Dragor Shipping Corp. v. Union Tak Car Co., 378 F.2d 241, 244 (9th Cir. 1967)).

## PARTIES

[¶48]   STOMLEY CONSULTING, LLC is a limited liability company organized to do business in the State of North Dakota and its principal place of business is Epping, State of North Dakota.

[¶49]   On information and belief, Henry Hill Oil Services, LLC is a limited liability company whose members are citizens of the State of Utah.

## JURISDICTION AND VENUE

[¶50]   The Court has subject matter jurisdiction over this matter pursuant to 28 U.S. C. § 1332; the parties are fully diverse in citizenship and the amount in controversy exceeds $75,000.00. Without waiver of the Rule 12(b) issues discussed supra, this Court also has jurisdiction pursuant to 28 U.S.C. 1367(a) as this Counterclaim and the claims presented in Plaintiff's Complaint are so closely related that they form part of the same case or controversy and arise from the same nucleus of facts for this Counterclaim.

[¶51]   Without waiver of the res judicata arguments made, supra, the venue for his Counterclaim is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) given that a substantial part of the facts and events set forth herein occurred in the District of North Dakota.

## FACTS

[¶52]   The counterclaims arise out of a business relationship between STOMLEY CONSULTING and Henry Hill that took place in the summer of 2019 on the site of Ellis Federal

9

1-5 SWD well (NDIC File No. 8793) ("Ellis Federal Well"), located in the SESE of Section 5, Township 154 North, Range 100 West, Williams County, North Dakota.

[¶53]   Henry Hill had chosen a drilling rig prior to STOMLEY CONSULTING's involvement in the project and STOMLEY CONSULTING played no role in that decision.

[¶54]   In late July, 2019, STOMLEY CONSULTING agreed to serve as the "Company man" for Henry Hill on the Ellis Federal Well for a rate of $3,000 per day compensation. STOMLEY CONSULTING replaced a prior "Company Man" named Alex Hamd of Seidel Tech who had been dismissed by Henry Hill earlier in the process.

[¶55]   The parties did not have a written contract setting forth their understandings.

[¶56]   STOMLEY CONSULTING served in an independent contractor capacity with Henry Hill for its consulting work on the Ellis Federal Well.

[¶57]   STOMLEY CONSULTING indeed performed work on the Ellis Federal Well in

[¶58]   STOMLEY CONSULTING presented invoices No. 1898 and 1901 to Henry Hill for work it performed on the Ellis Federal Well.  A true and accurate copy of the invoices are attached hereto and incorporated herein as Exhibit "A".

[¶59]   Despite due demand, invoices No. 1898 and 1901 remain unpaid by Henry Hill.

### COUNT I- BREACH OF CONTRACT

[¶60]   STOMLEY CONSULTING realleges and restates the foregoing paragraphs as if fully set forth herein.

[¶61]   Pursuant to the agreement between Henry Hill and STOMLEY CONSULTING, Henry Hill would compensate STOMLEY CONSULTING at the rate of $3,000 per day for its work as "Company man" on the Ellis Federal Well.

[¶62] STOMLEY CONSULTING presented its invoices to Henry Hill on the dates set forth in the accompanying invoices, attached as Exhibit "A".

[¶63] At the end of STOMLEY CONSULTING's work on the Ellis Federal Well, its invoices from August and September 2019 totaling $108,000 remained unpaid.

[¶64] By not paying the invoices for services provided in August, 2019 and September, 2019, Henry Hill breached its agreement with STOMLEY CONSULTING.

[¶65] Henry Hill's breach of the parties' agreement damaged STOMLEY CONSULTING in an amount to be proven at trial, but in any event, no less than $75,000.00.

## COUNT II- UNJUST ENRICHMENT

[¶66] STOMLEY CONSULTING realleges and restates the foregoing paragraphs as if fully set forth herein.

[¶67] Henry Hill is being unjustly enriched by virtue of receiving services from STOMLEY CONSULTING as set forth above.

[¶68] STOMLEY CONSULTING is being impoverished by Henry Hill's enrichment.

[¶69] Henry Hill's enrichment is connected to STOMLEY CONSULTING's impoverishment.

[¶70] There is a absence of any justification for STOMLEY CONSULTING'S impoverishment, which violates the fundamental principles of equity, justice, and good conscience.

[¶71] Henry Hill's unjust enrichment has caused damages to STOMLEY CONSULTING in an amount greater than $75,000.00 to be proven at trial.

## PRAYER FOR RELIEF

[¶72]   Wherefore, STOMLEY CONSULTING respectfully requests the court enter judgment as follows:

1. Dismissing Plaintiff's Complaint in all things;

2. Awarding damages in favor of STOMLEY CONSULTING and against Plaintiff on STOMLEY CONSULTING's Counterclaim;

3. Awarding STOMLEY CONSULTING its costs, disbursements and attorney's fees as allowed by law;

4. Awarding STOMLEY CONSULTING pre-judgment and post-judgment interest;

5. Awarding such other and further relief as the Court deems just and equitable under the circumstances of this case.

[¶73]   **ON ALL CLAIMS AND COUNTERCLAIMS TRIABLE TO A JURY, STOMLEY CONSULTING DEMANDS A TRIAL BY JURY BY THE GREATEST NUMBER OF JURORS ALLOWED BY LAW.**

Dated this 5th day of August, 2021.

>  */s/Mark Western*
> Mark Western (ND ID 06181)
> FREMSTAD LAW FIRM
> P. O. Box 3143
> Fargo, North Dakota 58108-3143
> Phone: (701) 478-7620
> mark@fremstadlaw.com
> ATTORNEY FOR DEFENDANT
> STOMLEY SALES & CONSULTING LLC